J. H. PRICE v. J. B. LIKENS, ADMINISTRATOR, AND ANOTHER.

To permit the plaintiff's counsel, *after the case is called for trial*, to make a motion to amend the record, *nunc pro tunc*, so as to show that the administrator of the deceased plaintiff had previously made himself a party, and to grant the motion, is, at most, but an irregularity; it is within the discretion of the court to permit it *then* to be done.

Such an amendment, based on the minutes made on the judge's docket, and supported by the testimony of a witness, is properly allowed.

ERROR from Rusk. Tried below before the Hon. Charles A. Frazer.

This suit was instituted in October, 1854, by Charles Keith, against the appellant, on two notes. The defendant pleaded the general issue at the Fall Term, 1854.

The plaintiff amended his petition in May, 1856, by alleging that he was but the nominal plaintiff, and that the notes sued on belonged to the firm of L. M. Wiley & Co.; that he received the same as their agent; and the said owners, setting forth their names and residences, prayed to be made parties plaintiff.

At the same term, the defendant excepted to the foregoing amendment, because the same attempted to make a new party. Judgment was rendered at the Spring Term, 1856, in favor of L. M. Wiley & Co. The entry contained the suggestion of the death of Keith, and that L. M. Wiley & Co. made themselves parties plaintiff. That judgment was reversed by the Supreme Court, and the cause remanded.

At the Spring Term, 1858, J. B. Likens, as administrator of

the estate, filed a motion, asking the court to enter *nunc pro tunc*, the order made at the Spring Term, 1857, that J. B. Likens be made a party plaintiff, as administrator of the said Keith; which order, the motion alleged, was on the judge's docket, in words following: "S. T. '57," (Spring Term, 1857,) "J. B. Likens, administrator, makes himself party plaintiff, with leave to amend;" and that on the 26th day of May, 1857, as such administrator and party, he had filed his amended answer. Under this evidence, and the fact being proved by the testimony of W. H. Estill, the court was asked to cause the said entry to be made as of the date when it should have been entered.

The defendant excepted to the motion, because it was not filed until the case was called for trial; and because it sought to prove a fact, by a witness, which, if admissible at all, could only be proved by the keeper of the records. The court granted the motion, and the entry was made accordingly. Judgment was rendered in favor of L. M. Wiley & Co., for $231, the amount of the notes.

*S. G. Smith*, for the plaintiff in error.

ROBERTS, J.—This case was reversed and remanded, at a former term of this court, because the death of the original plaintiff, Keith, had been suggested, and no representative of his estate had appeared, or been made a party in court, to contest the claim of the intervenors, L. M. Wiley & Co. It now appears, that an administrator of his estate has made an appearance, and judgment has been rendered on the note, in favor of the intervenors, L. M. Wiley & Co., who claim to be the real owners. The administrator makes no objection to it, and there is no statement of facts, showing any error in the proceeding upon the merits.

After the parties announced themselves ready for trial, the plaintiffs made a motion to amend the record *nunc pro tunc*, so as to show that the administrator had previously made himself a party, which was granted, and the correction made. This, at

most, was but an irregularity, and it was within the discretion of the court, to permit it then to be done.

The bill of exceptions does not exhibit any error in the manner in which this was done. The motion was sustained by the minutes made on the judge's docket, supported by the testimony of a witness. To this we see no objection.

Judgment affirmed.