## L. & H. BLUM vs. P. H. NEILSON.

SUPREME COURT, AUSTIN TERM, 1883.

*Practice–Statement of Facts—Order Nunc pro tunc—New Rule.*—When it becomes necessary that a statement of facts should be made up, signed and filed after the adjournment of court, an order to that effect must be applied for by a written motion entered of record. If such motion is made and the order granted, and from any cause it is not found in the minutes of the court, no entry of it at a subsequent term will be allowed, unless the fact of its having been granted shall be established by memoranda upon the judges' docket or found among the files of the cause.

Appeal from Eastland County. Opinion by Willie, C. J.

A motion has been filed by counsel for appellee, to strike out the statement of facts in this cause, because there appears in the transcript no order entered up by the district court during the term at which the cause was tried, allowing a statement of facts to be made up and filed, as this one appears to be, after the adjournment of the court for the term. It appears, however, that at the succeeding term of the court, on application of appellants, a *nunc pro tunc* order was entered up, granting the proper leave in reference to making and filing the statement of facts. In support of the application no memorandum on the judges' docket, nor from the files of the cause, was produced to sustain the statement made in the application, that the order had been actually granted but was not entered up through an oversight and mistake of the clerk of the court. Witnesses were examined to establish the truth of this statement in the application, but the judge, in granting it, expressly says that it was personally known to him that the order was in fact made and ordered of record at and during the term at which the cause was tried, after notice of appeal had been given by the plaintiff.

It is contended by appellee that the court had no power to make this order, and that we cannot therefore take notice of it, and a bill of exceptions to the action of the court in granting the order brings the point to our attention.

The objections to the action of the court are two:

1. Because the court could not correct the record of a cause after the appeal was perfected, and—

2. Because a correction of the kind granted by the court could not be made unless some memorandum of the order sought to be entered *nunc pro tunc* had been preserved at the time it was made.

It has always been the practice in our state as in others to allow

corrections of judicial record to be made at a term subsequent to that at which they should have been entered. It was said in Ximenes vs. Ximenes, 43 Tex. 463, that the supreme court by analogy to the principle governing district courts, could at a subsequent term, after final judgment, correct the minutes of a previous term so as to make them properly express the action of the court, whilst the cases cited in the opinion were instances of correction made before final judgment, the decision of the court clearly includes them, when a correction is asked of the final judgment. The case decided was one of this character, as was the case of Chambers vs Hodges, 3d Tex., 529.

In Freeman on Judgments, §65, it is said in effect, that what remains to be done after withdrawal of jurisdiction, either in giving effect to the judgment or in correcting or completing the records, the court has power to do by virtue of its general jurisdiction and its cautionary powers over its records. The jurisdiction over the records is not necessarily dependant upon the continuance of the jurisdiction over the subject matter of the suit.

We see no reason why the court should not make corrections of clerical mistakes or omissions at a subsequent term when it thereby makes them speak the truth as to what actually occurred in the course of the proceedings in the cause. As to the proof upon which it should proceed, the question is more serious in the present case.

A doubt has been intimated as to whether the corrections should be made unless some entry in the docket or memorandum of the action has been preserved. Ximenes vs. Ximenes, *supra*; Cameron vs. Thurman, 56 Tex., 28.

The order should certainly not be granted upon the recollection of witnesses who had nothing to do with making the order or entering it up.

Had the testimony of such witnesses been all the proof upon which the judge below acted in granting the order, we could hardly have endorsed his action. But he states that he distinctly recollected that he made the order and granted the application, and for this reason made the order for its entry *nunc pro tunc.* Under these circumstances we do not feel disposed to reverse the action of the court below in entering the order, and will therefore overrule the motion to strike out the statement of facts. As this decision concerns a matter of practice upon which distinct rules should be laid down for

the guidance of the profession, we will state that in the future, when it becomes necessary that a statement of facts should be made up, signed, and filed, after the adjournment of court, an order to that effect must be applied for by a written motion entered of record.

If such motion is made and the order granted, and from any cause it is not found in the minutes of the court, no entry of it at a subsequent term will be allowed, unless the fact of its having been granted shall be established by memoranda upon the judges' docket, or found among the files of the cause.

Motion overruled.