MEYER BROS. DRUG COMPANY v. W. J. COULTER ET AL.

Delivered May 12, 1898.

**Judgment—Correction of Entry.**

An entry in the minutes of the court which originally conformed to the entry of the judge's docket, but was changed after adjournment by some person unknown so as to show the overruling of a motion for a new trial, instead of the granting of the same, as originally shown, should be restored to its original condition, notwithstanding the testimony of the judge that he concluded at the same time he considered the motion that it should be refused, it not appearing that the entry in his docket did not represent the decision actually made.

ERROR from Harris. Tried below before Hon. JOHN G. TOD.

*Looscan & Campbell,* for appellants in error.

*J. M. Coleman,* for defendant in error.

PLEASANTS, ASSOCIATE JUSTICE.—The nature and result of this suit is stated by plaintiff in error as follows:

"This is a proceeding by motion to have the cause regularly called for trial, which motion was filed by appellant (plaintiff below) on February 16, 1897; which motion set out that at the February term of the court, 1895, and on the 23d day of February, 1895, a judgment was rendered in the cause; that afterwards in due and lawful time the plaintiff filed its motion to set aside said judgment and grant a new trial of the cause. That said motion for new trial was submitted March 27, 1895, with argument and authorities in support of same, to the court. That the court took said motion under advisement, and afterwards on the 30th day of March, 1895, the last day of the term of the court, rendered judgment and entered on the docket of the court an order granting said motion for new trial. That afterwards said order so made was duly incorporated into the regular minutes of the court, and duly and correctly recorded therein on page 454 of volume 3 of minutes or records of said court, and so stood. That the effect of said order was and is, in law and fact, to leave this cause for trial just as though the judgment of February 23, 1895, had never been entered. That plaintiff and its counsel so treated it and so considered it, and continuously since said 30th day of March, 1895, have insisted on its right to have the cause tried, that its rights might be adjudicated; but that the clerk of the court has failed to place same on call docket. That while the facts as to the judgment of the court upon its said motion for new trial and record of same were and are

as above stated, and so remained for many weeks after adjournment of the term, that recently, without any authority and in violation of law, some one unknown to plaintiff, and unknown to its counsel, has mutilated said record of said judgment so entered upon said page 454 of volume 3 of said court records, and erased the entry thereof as originally made, and entirely obliterated the word 'granted,' and in lieu thereof has written the word 'overruled,' thereby changing and completely overturning and reversing the legal effect of said judgment upon said motion for new trial; and plaintiff attaches to this motion affidavits of M. Looscan and G W. Tharp as to what the record of judgment of the court on said page 454 of volume 3 showed after adjournment of court, and where now appears the word 'overruled' was then the word 'granted,' and asks that the clerk and defendant be cited, etc. Afterwards plaintiff files dismissal as to the clerk. Defendants W. J. Coulter and Ben Reisner answered by general denial, and ask that should the court be of the opinion that the record now shows a new trial to have been granted in the cause, then that said record is a mistake; that in truth and in fact, the court acting upon said motion for new trial filed by plaintiff, overruled said motion, and plaintiffs gave notice of appeal to the action of the court, and that plaintiffs have been aware of the fact ever since; that if said record shows to the contrary it is a mistake, and that said entry be now reformed and corrected, and be made to show that said motion was in fact overruled. On March 26, 1897, upon hearing of the motion the court entered judgment denying the motion and adjudging cost of same against plaintiff. To which judgment plaintiff excepts and gives notice of appeal, and is allowed ten days after adjournment to file statement of facts."

The case as we conclude from the record is succinctly this: A motion for new trial was made by the plaintiff, the Meyer Bros. Drug Co., at the March term of the District Court for Harris County, 1895, and the motion was taken under advisement by the judge; and on the last day of the term he rendered a judgment upon the motion, and on that day, the 30th of March, 1895, this entry was made upon his docket by the judge: "Motion for new trial granted, to which plaintiff excepts and gives notice of appeal, and ten days is allowed in which to file statement of facts," and this entry was carried into the minutes of the court, and so remained in the minutes until the word "granted" was erased, and over the erasure the word "overruled" was written. When this change was made, or by whom, is not clearly shown; it is evident that it was not made during a term of the court, nor was it made by order of the judge upon motion of either party to the suit; but that this change in the entry in the minutes was made by some one after the adjournment of the court, is established beyond doubt by the evidence. The clerk did not make it, but knows that it was made, and made after the adjournment of the court; he and other witnesses thought the word "overruled" was in the handwriting of the deputy clerk, whose testimony was not before the court on the trial of this motion. The change was discovered by the

counsel for the plaintiff but a short time before the filing of this motion. The then clerk of the court, supposing the motion for a new trial had been overruled, made out and presented to counsel for plaintiff a bill of the cost of the suit, for payment, and when counsel informed him a new trial had been granted, upon examining the minutes he found the minutes contained the entry made on the judge's docket on the last day of the term; upon discovering this the clerk replaced the case on the trial docket, and it has there remained, so far as the evidence discloses; but the judge would pass it by and had never called it for trial. The judge of the court who tried the cause, and who heard and considered the motion for a new trial, testified that he distinctly remembered considering the motion for a new trial, and that upon such consideration he decided to overrule the motion; that as judge of said court he never attempted to amend the records of proceedings in said court after the adjournment of the term at which such proceedings were had; that he had no recollection of the entry on the records, but it is in the handwriting of the deputy clerk of the court at that time, in his opinion, with whose handwriting witness was familiar; that as judge of the court, in reading the record of proceedings therein, it was not unusual to make corrections before the minutes were signed by him, and that he did not think he would have signed the minutes, if instead of "overruled" there had appeared the word "granted." On cross-examination this witness testified that he had no distinct recollection of making any announcement from the bench that motion of plaintiff was overruled, and would not state as a fact that he did make such announcement, but believes he did.

The refusal of the court to grant the motion praying that the clerk be ordered to place the case on the call docket, is complained of under several assignments of error. Upon what ground the judgment of the court refusing the motion is based does not appear from the judgment itself, and there being no conclusions of fact or law filed by the judge, we can only conjecture the reasons which impelled the court to refuse the motion. But whatever those reasons may have been, in view of the indisputable facts that the court rendered a judgment on the 30th of March, 1895, as evidenced by the entry of that date on the judge's docket granting the plaintiff's motion for a new trial, and that that entry was regularly carried in the minutes of the court on that day, and that since the adjournment of that term the minutes of the judgment has been by some one changed as to make the purport and meaning of the judgment just the reverse of what its purport and meaning was when originally entered, the motion should have been sustained; and the entry in the minutes as originally made should have been restored and made to conform to the entry made on the judge's docket on the 30th of March, 1895, granting the plaintiff's motion for a new trial; and when this is done it will be in order to show, if such be the fact, that the judgment actually rendered was by mistake or accident not entered upon the minutes, and that the entries upon the docket of the court and in its minutes, purporting to be a judgment granting the new trial prayed for by

the plaintiff, were made by mistake. We understand the rule to be, that an entry nunc pro tunc can not be made of any proceeding had at a previous term of the court unless there be some record evidence that such proceeding was had. The entry upon the judge's docket afforded evidence that an order was made by the court on the 30th of March, 1895, on the plaintiff's motion for a new trial; and there was uncontradicted parol testimony that the order as expressed upon the judge's docket was duly entered in the minutes, and that subsequent to the adjournment of that term of the court this minute was, without authority, changed and made to express exactly the reverse of what it did as originally entered; and this evidence we think was not overcome by the testimony of the judge of the court, who considered the motion for a new trial, "that he concluded that the motion should be refused." Had his testimony been that he rendered a judgment denying the motion, and that the entry upon his docket was inadvertently made by him, and did not express the judgment actually rendered, such testimony, supported by the latter part of the entry to the effect that the plaintiff excepted and gave notice of appeal, would doubtless have authorized the court to refuse the plaintiff's motion, and to have the entry on the docket and in the minutes so changed as to correctly reflect the judgment rendered on the 30th of March, 1895, on the motion for a new trial. But evidence of what the court intended to do in March, 1895, can not be permitted to contradict and render nugatory that which the record of the proceedings expressly declares was done. Railway v. Haynes, 82 Texas, 456; Blum v. Neilson, 59 Texas, 380; Cameron v. Thurmond, 56 Texas, 22; Black on Judg., sec. 135, p. 153. The judgment is reversed and the cause remanded, with instructions that proceedings be had therein by the lower court in accordance with the views herein expressed.

*Reversed and remanded.*