## MRS. ROSA MORSE V. THE STATE.

### No. 1762.   Decided November 2, 1898.

### Motion for Rehearing Decided March 1, 1899.

1. **Statement of Facts—Signed But Not Certified by Judge—Practice on Appeal.**

A statement of facts to be entitled to be considered on appeal must be certified to as such by the judge. It is not sufficient for the judge merely to sign such statement without any certificate whatever. But see infra, paragraph 5.

2. **Notice of Appeal—Entry Nunc pro Tunc at Subsequent Term.**

The entry of a notice of appeal nunc pro tunc at a subsequent term of the court is without authority of law and can not confer jurisdiction upon appeal. But see infra, paragraph 4.

ON MOTION·FOR REHEARING.

3. **Forfeited Bail Bonds—Procedure as to.**

The rules governing civil actions are applicable to the procedure on forfeited bail bonds. Code Crim. Proc., art. 485.

4. **Same—Notice of Appeal—Entry Nunc pro Tunc Pending Appeal.**

In civil cases, under provisions of articles 1356 and 1357, Revised Statutes, entries nunc pro tunc perfecting the record can be made in the lower court pending appeal; Held, an entry nunc pro tunc of notice of appeal in the case of a forfeited bail bond may be legally made at a subsequent term of court so as to give the court on appeal jurisdiction.

5. **Authentication of Statement of Facts by Judge.**

In scire facias cases upon forfeited bonds, the same rule as in civil cases obtains with regard to the judge's authentication of the statement of facts; his signature alone is a sufficient certificate to its correctness.

6. **Scire Facias—Allegation and Proof as to an Executrix.**

In a scire facias proceeding, where one of the defendants was sued as an executrix of the estate of a deceased surety, there should be both allegation and proof that the surety was dead, and allegation and proof of the fiduciary character of the executrix, that is, whether an independent or an ordinary executrix under the will.

7. **Agreement of Attorneys—Practice.**

Under a rule of court prescribing that no agreement between attorneys with regard to suits would be enforced unless in writing signed and filed with the record, a parol agreement in a scire facias proceeding to file another bond in lieu if the original will not be enforced.

APPEAL from the County Court of Karnes.   Tried below before Hon. F. Theo. Barnes, County Judge.

This was an action based upon a forfeited bail bond of one H. L. Williams as principal, and T. P. Smith and R. Morse as sureties.   At the fall term of the District Court of Karnes County, 1896, said H. L. Williams was indicted by the grand jury then in session for the offense of carrying  on and about his person a pistol, and on the — day of November, 1896, entered into a bail bond in the sum of $100, with R. Morse and T. P. Smith as sureties, for his appearance at the November term, and from term to term of the County Court of Karnes County until discharged, etc.

On the 20th day of February, 1897, said defendant H. L. Williams

was called, and he not being in attendance upon said court, a forfeiture was taken on said bond and judgment nisi entered against said H. L. Williams as principal for said sum of $100; against Mrs. Rosa Morse, who is alleged to be executrix of the estate of R. Morse, deceased, and T. P. Smith, as sureties, in the sum of $100 each. The said R. Morse died subsequent to the execution of said bail bond and before the alleged forfeiture, Mrs. Rosa Morse being the surviving wife of R. Morse, deceased. At the December term, 1897, defendants answered and pleaded a general denial, and for defense set up an agreement by and between the county attorney, acting for the State, and the defendant Williams and his attorney.

A trial was had which resulted in a general verdict for the State, as before stated, against H. L. Williams, from which judgment Mrs. Rosa Morse alone appeals.

*Graves & Bell* and *J. C. Goode,* for appellant.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is an appeal from a judgment final on a forfeited bail bond, the appeal being prosecuted by Mrs. Rosa Morse, one of the sureties on said appeal bond.

At the Austin term of this court, a motion was filed by the Assistant Attorney-General to dismiss this appeal, because no brief of appellant was filed in the court below, as required by law. In answer to that motion, appellant brings before this court the certificate of the clerk, showing that a copy of her brief was filed in said court within the time authorized by law.

What purports to be a statement of facts is not certified as such by the judge. It is merely signed by him, without any certificate whatever. The rule is that, if the parties agree to a statement of facts, the judge shall certify to same as a correct statement of facts. If they do not agree, the statute requires that the judge shall make up a statement of facts, and properly certify to same. And it has been held, following the statute on this subject, that, unless the statement of facts is certified in one or the other of these modes, it will not be considered. See Hess v. State, 30 Texas Crim. App., 478; Wilson v. State, 34 Texas Crim. Rep., 355. There being no proper certificate and approval by the county judge, we can not consider the purported statement of facts as a part of the record in this cause.

There is also lacking in the record a notice of appeal given in open court at the term, as required by law. There is an attempt to remedy this, however, by an order nunc pro tunc, which was made at a subsequent term. This order was made over the objections of the county attorney, who reserved a bill of exceptions to said order entering the notice of appeal nunc pro tunc; the grounds of his objections being that the entry of

the order in the final minutes of the court could not be made after the term, and after filing an appeal bond; that, after the elapsing of the term and the filing of the appeal bond, the court below had no further jurisdiction. Under the rulings of this court, the entry of the order nunc pro tunc of notice of appeal at a subsequent term was without authority of law, and did not confer jurisdiction on this court to hear and entertain said appeal. See Lewis v. State, 34 Texas Crim. Rep., 126; Quarles v. State, 37 Texas Crim. Rep., 363; Youngman v. State, 38 Texas Crim. Rep., 459; Perryman v. State, post, p. ——. The appeal is accordingly dismissed.

*Dismissed.*

Hurt, Presiding Judge, absent.

After the above opinion was delivered dismissing the appeal, appellant filed a motion for rehearing based upon the following grounds:

First. The court erred in holding that the statement of facts was not certified to by the trial judge, but signed by him without a certificate. (The said statement of facts begins as follows: "Be it known, that the following is a correct statement of all the facts proved upon the trial of this cause." Then follows the facts and the signature "F. Theo. Barnes, County Judge, presiding.")

Second. The court has erred in holding that the notice of appeal could not be entered nunc pro tunc in this cause after filing of appeal bond and before filing transcript in the appellate court, this being a cause governed by the civil statutes and rules, and not by the criminal law.

*Graves & Bell,* for the motion.—The court dismissed the appeal in this cause on the 2d day of November, 1898, on the ground that notice of appeal was entered by the trial court nunc pro tunc after the appeal bond had been given by appellant. The court in dismissing the appeal cite a number of authorities holding that after the appeal is perfected no further proceeding can be had in the cause in the trial court. All of the cases cited by the court are on appeals from criminal convictions, and are evidently based upon the Code of Criminal Procedure, article 884, which provides that the effect of an appeal is to suspend and arrest all further proceedings in the court in which the conviction was had until the judgment of the appellate court is received. No such provision is to be found in the Civil Statutes, and the decisions of the Supreme Court are so at variance with the doctrine announced by the Court of Criminal Appeals, that we are confident that the latter court was governed by said article 884, Code of Criminal Procedure, in this ruling as to the right of the trial court to correct or amend its judgments pending appeals.

The cause at bar being a suit upon a forfeited bail bond which our statute, Code of Criminal Procedure, article 485, provides, "shall be governed by the same rules governing other civil actions," we assume

that the Civil Statutes and decisions thereunder will be regarded by the court in disposing of this motion and determining the disposition of this cause.

Our Civil Statutes, articles 1356 and 1357, provide for amending and correcting judgments, while the Code of Criminal Procedure provides only for substitution of lost or destroyed portions of the record. This power to correct or amend a judgment pending appeal, it is said by the Supreme Court, "does not rest upon a continued jurisdiction over the subject matter, but upon the trial court's continued control of its own records." See Blum v. Nelson, 59 Texas, 378. In this cause the appellant contended that an order granting ten days to file a statement of facts could not be entered at a subsequent term nunc pro tunc after appeal was perfected. In that case the trial court amended the record at a subsequent term after appeal, and Judge Willie, rendering the opinion, says: "It has always been the practice in our State, as well as in others, to allow corrections of judgment records to be made at a term subsequent to that at which they have been entered." This has been followed and cited in Hicks v. Behrens, 75 Texas, 378; also Pollard v. Chestnutt, 77 Texas, 87. In the latter case Chief Justice Gaines says: "It is true that after an appeal has been perfected the district court has no further jurisdiction in the cause until it has been remanded, but a court has authority upon proper proof to correct its minutes at any time so as to make them present a faithful record of its action."

In Cowen v. Ross, 28 Texas, 228, an order was entered nunc pro tunc at a subsequent term, and after writ of error was perfected the Supreme Court affirmed the action of the trial court.

The following authorities are relied upon for authority to amend nunc pro tunc, as was done in the case at bar: De Hymel v. Mortgage Co., 80 Texas, 493; Nelson v. Blum, 59 Texas, 357; Hickey v. Bechress, 75 Texas, 378; Pollard v. Chestnutt, 77 Texas, 87; Ximines v. Ximines, 43 Texas, 463, and authorities cited in said decisions.

The only other question arising out of this amendment of judgment is as to the evidence upon which such amendment can be made. It appears to be the rule that in amending under either article of the statutes, it shall be upon the remembrance of the trial judge or from some written memoranda. No objection is raised in the case at bar as to the manner of making the proof, and the legal presumption would be that the court had the proper evidence to act upon, and that presumption is strongly supported by the bill of exceptions reserved by the county attorney, in which he quotes the application of the appellant as follows: "Now come the defendants and say that at the former preceding term of this court the defendants in open court gave notice of appeal which was entered upon the judge's docket, but no entry was made thereof in the minutes of said court. Wherefore defendants, after giving notice to the county attorney who then and now represents the State in this prosecution of this cause, ask that said notice of appeal be entered in the minutes of this court nunc pro tunc in the place and manner that same should have been

at said former term; that said omission of said entry in the minutes was a mistake by the clerk of said court, and defendants pray for a correction of said mistake in said judgment."

Thus by the State's bill of exception it is shown that the application was on the ground that the judge's docket had the entry of the notice of appeal, and the State's attorney filed three objections, but does not object to the proof of the notice. .

The court having granted the application is sufficient evidence to show that the proper evidence was before the court, unless the record shows to the contrary.

We believe that after the court has considered the authorities cited they will confess error in their former opinion, and hold that the trial court did not err in amending the judgment after filing the appeal bond.

In your opinion rendered dismissing the appeal you also hold that the statement of facts could not be considered, for the reason that it is not properly certified to by the county judge; as that was the point upon which the case went off, we suppose the court did not make a careful inspection of the statement of facts, said statement of facts being as follows:

"The State of Texas v. H. L. Williams et al. No. 138.—In County Court of Karnes County, November Term, 1897.—Be it known, that the following is a correct statement of all the facts proved upon the trial of this cause." (Then follows the evidence, which is signed F. Theo. Barnes, presiding.)

This is a certificate by the trial judge that it is all the facts proved. and under the following authorities is held sufficient: Williams v. State, 4 Texas Crim. App., 178; Dorsey v. Turner, 46 Texas, 30; Penbrook v. Stone, 53 Texas, 385. The cases cited in the opinion in this cause are cases in which the trial judge had not certified that the instrument was the facts or evidence in the case, or that it was all the facts. In the cases we cite the trial judge did not certify that the attorneys had disagreed, but the appellate courts say that where the judge certifies as in this case, and signs it alone or together with counsel of one side, the court will presume a disagreement of counsel, and that the court had authority to make the statement of facts in the manner prescribed by the statute.

If there is no certificate whatever, all the authorities agree that it can not be considered as a statement of facts, but where there is such a certificate, as in this case, all agree that it is sufficient.

Assuming that we will now be before the court for determination on its merits, and that the statement of facts will be considered, we now waive some of the assignments of error presented in the brief, and here briefly and concisely present points relied upon for reversal, which we extract from the assignments of error in the brief.

We ask the court to first consider the fifth assignment of error, which is as follows: "The court erred in overruling defendant's motion for a new trial, for the reasons, to wit, the verdict and judgment are contrary to the law and the evidence in this, there is no evidence to show that Mrs.

Rosa Morse is executrix of the estate of R. Morse, deceased, or that R. Morse is dead."

The defendants having pleaded a general denial, it devolved upon the plaintiff to show every fact necessary to recover against defendant as executrix, and can not recover unless there is evidence that the surety R. Morse is dead, and that defendant is the duly qualified executrix of said estate. 64 Texas, 150; 63 Texas, 681.

On the 20th day of February, 1897, judgment nisi was entered against the principal, H. L. Williams, and against R. Morse and T. P. Smith as sureties.

This citation, which is also the petition issued on 22d day of October, 1897, which falsely recites that judgment had been rendered against Mrs. R. Morse on the 20th day of February, 1897, executrix of the estate of R. Morse, deceased, does not allege that R. Morse was dead or that Rosa Morse was executrix, and no evidence was introduced to show that R. Morse was dead, or that Rosa Morse was executrix, or that Rosa Morse was in any manner liable on the obligation of R. Morse.

The execution of the bail bond by R. Morse as surety is evidence that he was alive on that day, to wit, November ——, 1896, and that condition shown to exist, the legal presumption is that it is existing to-day, unless the contrary be shown. Before Mrs. Rosa Morse can be held liable on this obligation it must be alleged and shown that R. Morse is dead and that Mrs. Rosa Morse is executrix of his estate, and as such has property in her possession belonging to said estate.

There is only one other assignment that we will ask the court to consider, and that is the fourth assignment of error, as follows: "The court erred in his general charge to the jury wherein he instructed the jury: "You are instructed that the law provides that the following causes and no other will exonerate the defendant and his sureties from liability upon the forfeiture taken." (The assignment sets out the four statutory reasons, as in article 488, Code of Criminal Procedure.)

The charge of the court should conform to the facts developed upon the trial of the cause. Rosenthal v. Middlebrook, 63 Texas, 333.

The first clause of the charge informed the jury that R. Morse, deceased, was a surety; then followed the four statutory causes of exoneration, and then the instructions that unless one of those grounds mentioned exists the jury should find for the plaintiff the amount sued for.

This instrument, telling that R. Morse, deceased, was a surety, in effect told the jury that R. Morse was dead, and then telling them that no cause except the four named could prevent their finding for plaintiff, was to tell them that Mrs. Rosa Morse could urge no defense or require any proof that could not have been made by R. Morse as surety.

No exceptions in civil actions are necessary, but the charge will be regarded as excepted to. Rev. Stats., art. 1318.

For the reasons hereinbefore set out, we ask that a rehearing be granted and the cause be reversed and remanded.

*W. W. Walling* and *Mann Trice*, Assistant Attorney-General, for the State, per contra.

### ON MOTION FOR REHEARING.

HENDERSON, JUDGE.—This case was before us at the Tyler term, 1898, and the appeal dismissed, because no notice of appeal was given at the term at which the final judgment was rendered. We further stated there was no sufficient certificate to the statement of facts.

On motion for rehearing, appellant contends that this is an action on a forfeited bail bond, and that the proceedings are controlled by the same rules governing civil actions, and that consequently the former disposition of this case, under rules pertaining to criminal cases, is not applicable in this character of case. Our attention having been called to this matter by the able discussion of counsel in his brief filed for rehearing, we have examined the questions with more care. The rules governing civil actions are applicable in cases of this character. See Code Crim. Proc., art. 485. Articles 1356, 1357, Revised Statutes, provide for amending and correcting judgments, and it has been held by our Supreme Court that entries nunc pro tunc, perfecting the record, can be made in the lower court pending appeal. See Cowan v. Ross, 28 Texas, 228; Blum v. Neilson, 59 Texas, 378; Chestnutt v. Pollard, 77 Texas, 87. We therefore hold that the nunc pro tunc entry of the notice of appeal, though made at a subsequent term of the court, was proper, and gave this court jurisdiction.

As to the statement of facts, the same rule governs which controls in civil cases. The certificate to said statement was therefore sufficient. See Darcy v. Turner, 46 Texas, 30. The case, with the statement of facts, is thus properly before us.

Appellant contends that the evidence fails to sustain the finding of the court, in that it contains no proof that Mrs. Rosa Morse was the executrix of the estate of R. Morse, deceased. In the scire facias Mrs. Rosa Morse is sued as the executrix of the estate of R. Morse, deceased. The bond itself was executed by R. Morse, as one of the sureties. An examination of the statement of facts fails to disclose that any proof was offered of the death of R. Morse, or that Mrs. Rosa Morse had been appointed executrix of his estate. Certainly, there should have been an allegation as to this matter, and proof should have been made. What character of executrix, whether an independent executrix or an ordinary executrix under the will, we are not informed. Indeed, no proof whatever was offered of her fiduciary character. If she was an executrix of the estate under the jurisdiction of the probate court, any judgment that may have been rendered against her would, in the ordinary course, have been required to be certified to the probate court for payment. If she was an independent executrix, an execution would have been authorized under the judgment. See Rev. Stats., art. 1345. From the terms of the judgment itself, it would seem that she was an independent executrix.

At least, the judgment authorized an execution against her. Her fiduciary capacity should have been proved; that is, the death of the alleged testator should have been shown, and that she was executrix of the will, together with her qualifications.

Appellant also insists that the court committed an error in excluding the testimony offered as to an agreement to file another bond in lieu of the original bond. This appears to have been a parol agreement between the county attorney and appellant's counsel, and does not appear to have been complied with in the time contemplated between the parties. Appellant, however, proposed to show an excuse for the delay. One of the rules prescribed for the government of district courts is to the effect "that no agreement between attorneys or parties, touching any suit pending, will be enforced, unless it be in writing, signed and filed with the papers as a part of the record." Under this rule, if the matters alleged were a legal defense to the cause of action, the agreement, not having been in writing, could not be enforced. We are further inclined to the view that this was not a matter about which the parties could agree. The motion for rehearing is granted; and, on account of the insufficiency of the testimony as above discussed, the judgment is reversed and the cause remanded.

*Motion granted. Reversed and remanded.*

DAVIDSON, Presiding Judge, absent.