E. B. Wheeler et al. v. Warwick Duke et al.

Decided April 3, 1902.

**1.—Probate Court—Record—Order Nunc pro Tunc.**

An order of the probate court in guardianship not entered during the term upon the minutes or any record required to be kept by law was a nullity, and could not be entered afterwards nunc pro tunc. Rev. Stats., art. 1853.

**2.—Same—Guardianship—Void Order—Maintenance of Ward.**

Where the probate court made an order allowing the guardian to expend such part of the corpus of the estate in the maintenance and education of the ward "as may be sufficient," without fixing any specific sum to be so expended, such order is in contravention of the statute and void. Rev. Stats., art. 2549.

**3.—Same—Entering Order Nunc pro Tunc—Amending Record.**

Evidence showing that an application for an order of the probate court in guardianship was indorsed by the judge as granted, with directions to enter it on the minutes—this being his usual custom, as he used no probate docket,—and that the order was then presented to the clerk to be so entered, which was never done,—was not sufficient to justify an entry of the order nunc pro tunc at a subsequent term, there having been originally no entry of it upon any book or record kept by law, as required by the statute with respect to amendments of the record. Rev. Stats., arts. 1354, 1355.

Appeal from Shelby.   Tried below before Hon. Tom C. Davis.

*I. O. B. Richardson, A. H. McKnight, J. M. Snders, Drury Field,* and *John G. Walker,* for appellants.

*Bryarly & Polley,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This proceeding was instituted by appellants on the 11th day of April, 1901, in the probate court of Shelby County, the object of the suit being to obtain an order of said court to enter nunc pro tunc an order made by said court at its October term, 1892, in the guardianship of the estate of the minor heirs of W. J. Duke, deceased.   The appellants are the heirs at law and sureties upon the guardian's bond of M. W. Wheeler, deceased, who was the guardian of said minor heirs at the time the order sought to be entered nunc pro tunc is alleged to have been made, and the appellees are the former wards of the said guardian and the owners of the estate administered by him.   The probate court refused to have said order entered nunc pro tunc, and upon an appeal to and a trial de novo in the District Court the same judgment was rendered.   The petition alleges that M. W. Wheeler qualified as guardian of the estate of the minor heirs of W. J. Duke, deceased, on the —— day of August, 1892, and continued to act as such until his death, which occurred on the 8th day of January, 1897, at which time said guardianship was still pending and has never been closed; that on the —— day of October, 1892, said guardian made application in writing to the probate court of Shelby County, in which said guardianship was pending, showing that the income of the estate of said minors was insufficient for their maintenance and education, and asking that he be allowed to expend a portion of the corpus of said estate for said purpose; that said application was granted in open court at the October term, 1892, and an order was made by the court allowing and authorizing said guardian to use a sufficient amount of the body of said estate to maintain and educate said minors, which order the court directed the clerk to enter upon the minutes of the court; that said guardian caused the order so made to be put in writing and handed same to the clerk to be placed upon the minutes of the court, but for some cause not known to petitioners the clerk failed to enter said order in the minutes; that said guardian fully believed that said order had been duly and properly entered by the clerk, and in the administration of said estate expended about $800 of the corpus of same in the maintenance and support of said minors, believing that he was fully authorized so to do under the order of said court; that said guardian never became aware during his lifetime of the fact that said order had never been entered in the minutes of the court, and petitioners did not know that said order had never been entered until about the 6th day of April, 1901.   The following exhibits are attached to the petition and are al-

leged to be copies of the application and order referred to in the petition:

Exhibit A.—"In the Probate Court of Shelby County, Texas, October term, 1892. To the Hon. W. T. Riggs, Judge of said Court: Your petitioners, M. W. Wheeler, guardian of the estates of Warwick, Jack, Lula, Maud, Norma, Wheeler, and Blanch Duke, minors, with respect shows to you honor that the rents, revenues, and incomes of said estates are wholly insufficient to support or educate said minors, there being no income of said estates except the interest on the claims in favor of said estates, which claims are all on parties who are insolvent and nothing can be made out of them by law, and pray that the court grant him as guardian of said estates an order allowing and empowering him to use a sufficient amount of the means of said estate to maintain and educate said minors. M. W. Wheeler, Guardian of said Minors."

Exhibit B.—"On this the —— day of October, 1892, the application of M. W. Wheeler, guardian of the estates of Warwick Duke, Jack, Lula, Maud, Norma, Wheeler, and Blanch Duke, minors, came up to be heard, and after the court seeing said application and hearing the evidence in support thereof, and it appearing to the satisfaction of the court that the rents, revenues, and incomes of said estates are wholly insufficient to support or educate said minors, said application is hereby granted in all things, and that said guardian is hereby authorized and empowered to use a sufficient amount of the means of said estates to maintain and educate said minors."

Plaintiffs by trial amendment filed in the District Court further alleged that when said application was presented to the probate court the judge of said court, W. T. Riggs, granted same in open court and made and officially signed an entry in writing upon the back of said application granting same, and directed that said order and judgment be prepared in writing and recorded in the minutes of the court; that W. T. Riggs is now deceased, having died in the year 1893 or 1894, and that said application and the indorsement of the judge thereon, together with the decree prepared and handed to the clerk, as well as many other papers and documents pertaining to said guardianship, are now lost or destroyed and can not be found; and that it was the custom and usual practice of said Riggs as probate judge to make his entries upon the back of applications presented to him instead of making same on a regular probate docket. The only evidence in the case is the testimony of E. B. Wheeler, one of the plaintiffs, and J. R. Swanzy, clerk of the County Court of Shelby County. Both of these witnesses testify to the facts alleged in the petition. E. B. Wheeler was attorney for the guardian and prepared the order set out as an exhibit to the petition and presented same to the county judge, who approved it and directed him to hand it to the clerk to be recorded, which witness did. Swanzy was clerk of the court at that time, and fully corroborated Wheeler as to the granting of the application in open court by the judge and his indorse-

ment upon the application that the same was granted, and also as to the preparation of the order by Wheeler at the request of the judge and the presentation of said order to him with instructions to enter same in the minutes of the court. This witness did not know that he had neglected to enter this order in the minutes of the court until a short time before the filing of this suit. He further testified that Judge Riggs never used a probate docket except in lunacy cases, and always entered his order on the back of applications presented to him. Diligent search was made for the original application and for the order prepared by Wheeler and filed in the case, but neither could be found. As before stated, this evidence was uncontradicted and fully sustains the allegations of the petition.

After the filing of the trial amendment by the plaintiffs the court below overruled a general demurrer to the petition, but upon hearing the evidence rendered judgment for the defendant on the ground that the evidence having failed to show that any entry of said order was ever made on any record required by law to be kept, such order was a nullity and could not therefore be entered nunc pro tunc. Article 1853, Revised Statutes, provides that all orders, decrees, and judgments of the probate court shall be nullities unless entered upon the records of the court during the term at which same were rendered. If the order sought to be entered nunc pro tunc was a nullity, or void order, for any reason, no effect or validity could be given it by having it entered nunc pro tunc upon the minutes of the court. The entry of such an order would have afforded no protection to the appellants against any claim by the appellees for moneys illegally expended by their guardian, and as a court is never required to perform a vain and useless act, the court below properly refused to have the order entered upon the minutes nunc pro tunc. The language of the statute above quoted is plain and unambiguous, and it was doubtless intended to apply to just such cases as is presented by this record.

We think the judgment of the court below may be affirmed upon the further ground that the order in question was one which the probate court could not lawfully make and for that reason was a void order. Article 2549, Revised Statutes, provides that court may direct a guardian to expend a specific sum for the education and maintenance of his ward, although such sum may exceed the income of the ward's estate, but without such direction of the court the guardian shall not be allowed in any case, for the education and maintenance of the ward, more than the clear income of the estate. Under this statute the court can not authorize the expenditure of any portion of the corpus of the ward's estate for the education and maintenance of the ward without fixing a specific amount to be so expended. The order sought to be entered nunc pro tunc does not fix the amount to be expended for the education and maintenance of the wards, but authorizes the guardian to use such portion of the corpus of the estate as may be sufficient to maintain and educate the minors. The statute clearly and explicitly places upon the

court the duty and responsibility of determining what amount shall be deemed sufficient for the proper maintenance and education of the wards, and unless a specific sum is fixed by the court for such purpose the guardian can only expend the income of the estate. This exercise of judicial discretion imposed by the statute upon the court can not be delegated by him to the guardian, and an order of the court which leaves the determination of the sum to be so expended to the discretion of the guardian is unauthorized and void.

It is doubtless true that the guardian in this case only expended such sums as were reasonably necessary for the maintenance and support of his wards, but this statute is plain and imperative and can not be disregarded. Smythe v. Lumpkin, 62 Texas, 242; Jones v. Parker, 67 Texas, 76.

If our conclusion that the order was unauthorized and void and for that reason should not have been entered nunc pro tunc is not sound, we are of opinion that the judgment of the court below should nevertheless be affirmed, because the evidence of the rendition of the judgment or order by the probate court was not sufficient to authorize its entry nunc pro tunc. The courts of the several States hold conflicting views upon this subject. Mr. Freeman, in his work on Judgments, says that the probable weight of authority sustains the rule that only by some entry or memorandum on or among the records of the court can the rendition of a judgment be proven. "An entry must somewhere be found and produced in court apparently made by the authority of the court. It must be in some book or record required by law to be kept in that court." 1 Freem. on Judg., sec. 61. This rule was quoted with approval by our Supreme Court in the case of Cameron v. Thurmon, 56 Texas, 22, and is in accord with our statutory rule on the subject of amending judgments which can only be done from matter appearing in the record. Rev. Stats., arts. 1354, 1355; Railway v. Haynes, 82 Texas, 456. The law did not require the judge to make an entry of his order upon any paper filed in the guardianship, nor that any record of such order should be kept elsewhere than upon the judge's docket and the minute book of the court. Under the rule above quoted the evidence in this case was not sufficient to authorize the entry of the order. The judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*