**DOWDLE v. UNITED STATES FIDELITY & GUARANTY CO.  (No. 8678.)**

(Court of Civil Appeals of Texas. Dallas. May 20, 1922. Rehearing Denied June 17, 1922.)

**1. Judgment ⟺486(1)—Reasons for which judgment is void stated.**

A judgment can be void only from want of jurisdiction over the subject-matter, want of jurisdiction over the parties to the action, or some of them, or want of power to grant the relief contained in the judgment.

**2. Judgment ⟺499—To render judgment void, want of power to grant it must appear by its own terms.**

To render a judgment void because of want of power to grant the relief given, such want

of power must be revealed within the terms of the judgment.

**3. Divorce ⟺162—Oral evidence of witness that a judgment had been given held insufficient to support a judgment nunc pro tunc.**

In an action for divorce, oral evidence given six years afterward by an attorney in the case, who had nothing to do with pronouncing judgment, and was not charged with the duty of entering it in the minutes of the court, that a judgment of divorce had been pronounced, was not a sufficient basis for a judgment of divorce nunc pro tunc.

**4. Divorce ⟺162, 168—Where no proper predicate for judgment nunc pro tunc, it is void, and may be impeached collaterally.**

Where the recitals of a judgment nunc pro tunc granting a divorce failed to show that there was some memorandum upon judge's docket, or found among the files of the cause, showing that a previous judgment of divorce had in fact been pronounced at a previous term, there was no proper predicate for the introduction of oral evidence that such a judgment had been entered, and the court had no authority to enter the judgment nunc pro tunc, and a judgment so entered was void, and subject to be impeached collaterally.

**5. Marriage ⟺40(6)—No presumption of divorce from cohabiting by one with woman not wife while he had a lawful wife living.**

Where a husband left his lawful wife without obtaining a divorce, and cohabited with another woman as his wife, there was no presumption of a divorce from the first wife.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Proceeding by Mary Dowdle against the United States Fidelity & Guaranty Company before the Industrial Accident Board for an award. From a decision for defendant, plaintiff appealed to the district court, where judgment was rendered for defendant, from which plaintiff appeals. Affirmed.

John White and John W. Craig, both of Dallas, for appellant.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellee.

VAUGHAN, J. Appellant instituted this suit as an appeal from the decision of the Industrial Accident Board of Texas. The suit was brought against appellee and the W. C. Hedrick Construction Company, a corporation, jointly, under the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.) for injuries resulting in the death of one Lucius Dowdle, an employé of said construction company. By agreement the cause of action was dismissed as to the construction company, and prosecuted solely against appellee as the insurer of said construction company under the compensation law.

Appellant alleged that she was the surviving common-law wife of said decedent, Lucius

Dowdle, and, as such, was entitled to recover the stipulated compensation allowed by law, and prayed that such compensation, if allowed, be awarded her in a lump sum rather than in the usual weekly installments.

Appellee for answer alleged that appellant was never in fact the legal or common-law wife of the deceased, and that, unless she was the wife of deceased, which appellee expressly denied, she was not entitled to any compensation, and could not recover.

After the introduction of all evidence the jury, under instructions of the trial court, returned a verdict for appellee, on which judgment was rendered for appellee, and from which this appeal is prosecuted.

The controlling question is presented by appellant's first assignment of error, to wit, that—

"The court erred in refusing to permit plaintiff to introduce in evidence the certified copy of the decree of the Thirty-Seventh judicial district court in and for Bexar county, Tex., rendered on the 7th day of August, A. D. 1920, said decree being a nunc pro tunc order of said court entering of record in said court a previously rendered judgment decreeing a divorce between Callie Dowdle and Lucius Dowdle; said last-named judgment having theretofore been rendered on the 22d day of November, A. D. 1915."

To the introduction in evidence of the certified copy of the nunc pro tunc judgment, the appellee objected, on the grounds:

(1) "That it fails to show that there was any record whatsoever upon the minutes or dockets of said court upon which said judgment was rendered, but was entered upon the ex parte testimony of Callie Dowdle's attorney, to wit, one D. R. Pickens, as to what Judge Anderson. the regular judge, had stated what his judgment was in said cause four years before the rendition of the judgment;" and (2) "because it is a nunc pro tunc judgment rendered solely upon the testimony of an attorney who testified as to what the judge said his judgment was, and is not based on any docket entry, memory of the judge who rendered it, or any record of any other basis other than the hearsay statement of the attorney as to what judgment the court did render"

—which objections were sustained and said certified copy excluded.

The objections were a collateral attack on the judgment of a court of competent jurisdiction, and, unless same was void on its face, said objections should not have been sustained. The following recitals contained in the certified copy of the nunc pro tunc judgment entry must be accepted as all of the evidence before the trial court upon which said judgment was based:

"The court, after having heard the testimony of D. R. Pickens, attorney of record in said cause, and after the said D. R. Pickens had testified on oath that he was a practicing attorney of San Antonio, Tex., in the year 1915, and that he represented the said Callie Dowdell on the 22d day of November, 1915, having theretofore. on, to wit, the 13th day of October, 1915, filed a petition styled as aforesaid, for plaintiff, also having filed a waiver in said cause, properly executed and signed by the defendant Lucious Dowdell, and that 'said waiver was filed on the 22d day of November, 1915, the said D. R. Pickens testified to the following facts: Judge W. S. Anderson presiding at this trial, said cause was regularly called, and that the court, said Judge W. S. Anderson, after having heard the testimony of Callie Dowdell, stated in open court that the plaintiff, Callie Dowdell, was entitled to a divorce. and was granted a divorce from the defendant, Lucious Dowdell; there and then the plaintiff paid all costs of the court that had then accrued on said date, to wit, 22d day of November, 1916; that immediately thereafter he, D. R. Pickens, prepared a decree in said cause, stating that plaintiff, Callie Dowdell, was granted a divorce from the defendant, Lucious Dowdell, and the bonds of matrimony theretofore existing were dissolved, and that he, the said D. R. Pickens, filed said decree with the clerk of the district court of Bexar county, Tex., on the same day on which the divorce was granted. Therefore it appears to the court that the plaintiff, Callie Dowdell, is entitled to the relief prayed for, and her motion to enter nunc pro tunc judgment in said case as of the 22d day of November, A. D. 1915, and that in all things her motion should be granted, as prayed for."

Was this sufficient evidence to authorize the court to find that a final judgment had been pronounced by the court in the case of Callie Dowdle v. Lucius. Dowdle on the 22d day of November, 1915? In other words, was it a void judgment?

[1] It is well settled that—

"If a judgment is void it must be from one or more of the following causes: '(1) Want of jurisdiction over the subject-matter; (2) want of jurisdiction over the parties to the action, or some of them; or (3) want of power to grant the relief contained in the judgment.' "

[2] The want of power to grant the relief contained in the judgment must be revealed within its own terms, as the rules of evidence dictated by public policy exclude such testimony not in the record as is necessary to make its void nature apparent. 1 Freeman on Judgments (4th Ed.) § 116.

The first and second grounds do not exist in this case. Was the judgment void under the third ground? To hold this judgment binding, if the record discloses a want of power to grant the relief, would in effect be to impeach rather than to sustain its absolute verity, for, if the record discloses the want of power on the part of the court to grant the relief reflected by the record, such holding would be to disregard its declaration of invalidity, and to invest it with the elements of power and vitality, notwithstanding, by its own terms, the want of power to

grant the relief was shown to exist. To render the judgment void this want of power must appear in the record; otherwise same cannot be attacked collaterally. Allen v. Huntington, 2 Aikens (Vt.) 249, 16 Am. Dec. 702.

[3] No presumption in support of the legality of the proceedings can be indulged in which conflicts with the recitals contained within the judgment entry as in the case when a judgment entry is silent as to the proceedings had or as to the evidence on which the judgment of the court was pronounced. The nunc pro tunc judgment by its terms affirmatively shows that the only evidence introduced for the purpose of proving that a judgment had been rendered was the oral testimony of a witness who had nothing to do with pronouncing the judgment, or charged with the duty of entering same in the minutes of the court, the means of perpetuating in the most enduring form the evidence upon which the judge acted in granting the order, and was not sufficient for that purpose. Blum v. Neilson, 59 Tex. 378.

[4] Said recitals further established that proper predicate was not laid for the introduction of such oral evidence, to wit, that there was some memorandum upon the judge's docket, or found among the files of the cause, showing that such previous judgment had in fact been pronounced by the court at a previous term. This proof was essential, and without it the court had no authority to enter the judgment nunc pro tunc. Price v. Likens, Adm'r, et al., 23 Tex. 635; Miller v. Richardson, 38 Tex. 501; Cameron v. Thurmond, 56 Tex. 22; Blum v. Neilson, supra; Meyer Bros Drug Co. v. W. J. Coulter et al., 18 Tex. Civ. App. 685, 46 S. W. 648; Wheeler v. Duke, 29 Tex. Civ. App. 20, 67 S. W. 909; 1 Freeman on Judgments (4th Ed.) § 61, at page 79; 1 Black on Judgments (2d Ed.) § 131; Allen v. Sales, 56 Mo. 28.

This rule of evidence is not a limitation on the inherent power of a court to enter a judgment nunc pro tunc when the error appears from the record of the proceedings in which the entry of judgment is made, but, in the interest of public policy, a requirement that there must be some record made by the presiding judge during the proceedings showing that the rights of the litigants had been as a matter of law finally determined and announced as the judgment of the court. This is only requiring that measure of proof that the importance of the occasion in the interest of society, the proper administration of the law, and the sanctity of court proceedings, demand. The proof on which the judgment nunc pro tunc was entered did not show absolutely from the record of said cause that a judgment had been rendered, or, definitely, the character of same, and said judgment carried within its own terms its invalidity, to wit, the statement of the evidence upon which it was rendered, by which it was revealed that the court was without authority to enter the nunc pro tunc judgment. Therefore same was subject to be impeached collaterally as a void order. We accordingly overrule said assignment.

[5] The evidence in this case is undisputed that Lucius Dowdle was married to one Callie Dowdle at the time he commenced the alleged relations with appellant. The following facts were established by the evidence in this case, to wit: That previous to the beginning of the alleged marriage relationship between the appellant and the deceased, Lucius Dowdle, said Lucius Dowdle had been previously married to one Callie Dowdle, and that said relationship was existing between said Lucius Dowdle and Callie Dowdle at the time appellant commenced the alleged relationship with the said Lucius Dowdle, and that appellant knew of such relationship at the time she began living with said Lucius Dowdle. Appellant recognized this relationship, and sought to relieve herself of the legal effect of same by attempting to prove that the deceased and Callie Dowdle had been divorced prior to the beginning of said alleged marriage relationship between appellant and the said decedent, Lucius Dowdle. This prior marriage having been established by undisputed testimony, it will be presumed to continue until the contrary is proven. The fact that the evidence disclosed that Lucius Dowdle abandoned Callie Dowdle, his then lawful wife, and lived in a state of cohabitation with appellant, cannot form the basis for the presumption that he had been divorced from Callie Dowdle, his legal wife, for this would be indulging in a presumption contrary to that which should be indulged in under the established facts, and in aid of the commission of a wrong against society, and in the interest of loose morals, and in disregard of marital obligations. Lopez v. Missouri, K. & T. R. Co. (Tex. Civ. App.) 222 S. W. 695. The evidence relied upon, in our judgment, does not create even a suspicion that appellant was living with the deceased, Lucius Dowdle, with the intention of becoming his wife, and, certainly, from facts establishing unlawful conduct, courts will not presume virtue to exist where vice only prevails, for law is the soul of reason, and ends when reason ceases. There can be no reason for presuming, in the face of the facts, a condition to exist which would do violence even to the acts of the participants, as revealed by the testimony of the survivor, to be materially benefited by such presumption.

We have carefully examined the remaining assignments of error without finding error disclosed by the record as contended for by said assignments, and same are overruled. We therefore affirm the judgment.

Affirmed.