## CALHOUN et al. v. DOTSON et al.
### No. 7501.

Court of Civil Appeals of Texas. Austin.
Oct. 22, 1930.

Rehearing Denied Nov. 12, 1930.

Edwin G. Moorhead, of Austin, for appellants.

White, Wilcox, Taylor & Gardner, of Austin, for appellees.

BAUGH, J.

Suit in trespass to try title to a lot in Austin, Tex., brought by the heirs of Henry Hopson, who died about 1886, against the heirs of Louisa Hopson, who died in 1929. The land in question was conveyed to Louisa Hopson on February 24, 1875. The principal issue in the case was whether or not Henry Hopson and said Louisa Hopson were then married. In response to a special issue, the jury fund that said parties were never husband and wife; and judgment was rendered against appellants, plaintiffs below.

Appellants first complain of the exclusion of proffered testimony of Lou Hopson Calhoun (née Hopson), a daughter of Henry Hopson, and one of the plaintiffs, that her father told her about a year after the deed was executed that he had bought said land and taken the deed in her (witness') name. There was no error in this. If the witness were asserting title to the land in her own right as a grantee (the issue being whether the witness were the grantee or Louisa Hopson, the alleged wife of Henry Hopson, were the grantee), then the error, if any, would be harmless because the testimony conclusively showed that Louisa Hopson had been in actual, open, and adverse possession of the lot, using same and paying taxes thereon in her own name from 1885 to 1928, and had title to same by limitation. If witness were asserting an equitable title in her father, the legal title being in her name, since she inherited only from him, such testimony would be clearly self-serving and inadmissible, whether inhibited by article 3716, R. S., or not. Gilbert v. Odum, 69 Tex. 670, 7 S. W. 510.

Other contentions of appellants relate to the issue of whether a common-law marriage was entered into between Henry Hopson and Louisa Hopson, both of whom are now deceased. In order for the property in question, deeded to Louisa Hopson in 1875, to have become the community property of Louisa Hopson and Henry Hopson, it was necessary for appellants, who claim only through Henry Hopson, to show that such marital status then existed, either ceremonial or at common law. There was no proof of any ceremonial marriage. Henry Hopson came to Travis county from Fayette county about 1874 or 1875. He had been married there; his wife was then living in Fayette county, and she continued to live there for many years. From that marriage four children were born, three of whom have since died, and the fourth together with the children of the three deceased are appellants here. They, of course, asserting rights which could vest in them only as legal heirs, must rely upon the validity of Henry Hopson's first marriage. There was no showing whatever that that marriage had ever been dissolved, and his former wife was shown to have survived him. Appellants also undertook to show a marital status of Henry Hopson entered into with Louisa Hopson, née Dobbins, prior to February 24, 1875. Even

if all excluded testimony had been admitted, at most it tended to show only a common-law marriage status existing subsequent to that time.

■■■ Common-law marriage can be entered into only by persons competent to enter into a ceremonial marriage. And if it be admitted that the proofs herein were sufficient to establish a common-law marriage between Henry and Louisa Hopson, plaintiffs were not entitled to recover unless they also showed a dissolution of the former marriage of Henry Hopson. While the general rule is, based on grounds of public policy, that where a subsequent marriage is consummated it will be presumed that a former marriage of one of the parties had been legally dissolved (Holman v. Holman [Tex. Com. App.] 288 S. W. 413; 18 R. C. L. 417; 38 C. J. 1328), this presumption has been expressly held not to apply where such second marriage was not a ceremonial but a common law marriage. Lopez v. Missouri, K. & T. Ry. Co. (Tex. Civ. App.) 222 S. W. 695; Dowdle v. U. S. F. & G. Co. (Tex. Civ. App.) 242 S. W. 771, 773; Speers Law of Marital Rights (3rd Ed.) p. 21.

The burden rested upon the appellants to show both the existence and the validity of the second marriage which the jury found was never consummated. Under the admitted facts of the first marriage of Henry Hopson, and that his first wife survived him, they had the burden of showing a legal dissolution of that marriage. This they wholly failed to do, and judgment should have been rendered against them in any event. The other matters complained of thus become immaterial.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.