L. C. Blackwood, Guardian, v. Estate of William Black-
wood et al.

No. 754.  Decided February 27, 1899.

**1.  Guardian—Education, Etc., of Ward—Exceeding Net Income—Order.**

The authority for a guardian to expend, for the education and maintenance of the
ward, more than the net income of the estate can only be shown by a specific order
of court duly entered upon its minutes.  (Pp. 480-482.)

**2.  Same—Statutes Construed.**

Article 1853, Revised Statutes, making orders not entered of record a nullity, ap-
plies to proceedings in guardianship cases as well as to those in estates of decedents.
(Revised Statutes, article 2558), and forbids the allowance of an expense incurred
in excess of the net income upon authority of the court not entered of record as re-
quired by article 2557.  (P. 481.)

**3.  Same—Case Stated.**

A guardian, the uncle, of three minors having an estate of $850, furnished them
board in his family for eleven years, and submitted annual accounts, which the court
approved, charging each minor $50 per year for board, but was not authorized by
any order of record other than these orders of approval to incur such expense in
excess of the net income of the estate.  Such charges could not be allowed him in his.
final settlement for want of a specific order authorizing the expenditure.  (P. 479,
480.)

Certificate of dissent from the Court of Civil Appeals for the Sec-
ond District, in an Appeal from Young County.

*Johnson & Akin* and *Theodore Mack*, for appellant.—The excluded
testimony shows that the County Court after hearing the evidence as
to value did direct the guardian to expend the sum of $50 per annum
for each ward.  Rev. Stats., art. 2630, 2775; Freybe v. Tiernan, 76 Texas,.
290.

The court having jurisdiction to allow expenditures over net income,.
and allowing $50 each for wards as board, this court will presume the al-
lowance legal.  Withers v. Patterson, 27 Texas, 496; Dancy v. Strick-
ling, 15 Texas, 559; Baker v. Coe, 20 Texas, 436; Templeton v. Fergu-
son, 89 Texas, 47; Bouldin v. Miller, 87 Texas, 359.

The record of the guardianship in the County Court shows ten valid
judgments for the allowance, as board, of $50 each for the wards.  Rev.
Stats., arts. 2684-2688, 2716, 2717, 2192.

We most earnestly insist that the phrase "the direction of the court,"
is not, and from the very nature of things can not, by reason of future
exigencies, be required to be put in writing.  We can readily perceive
why an order or judgment should be in writing, because certain orders
and judgments may be contested and appealed from, and in order to
make a record susceptible of review in a higher court it is but reason-
able to require these to be written.

But if there be no merit in the contention, then we insist that it is
not necessary that "the direction" be made in advance of the expendi-
tures.  To hold otherwise would be to make that void which is merely
voidable or erroneous.  But if the statute is to be so construed as to re-

quire the "direction" to be in writing, then we urge that it abundantly appears, from the findings of fact, that in this case the statute has been literally complied with, for the record shows that each year during his ten years as guardian, the annual reports and accounts of appellant were approved and allowed in writing, and these approvals entered upon the minutes of the court. Hence it follows that the written approvals thus entered upon the minutes of the court for ten successive years should on final settlement be taken as the written "direction" of the court authorizing the expenditures for education and maintenance to be made. Kilpatrick's appeal, 113 Pa. St., 46; Jarret v. Andrews, 7 Bush (Ky.), 311-315; Roseborough v. Roseborough, 3 Baxt., 314-315; Robertson v. Johnson, 57 Texas, 66; West v. Keeton, 42 S. W. Rep.; 1034.

*Jno. C. Kay,* for appellees.—Parol testimony is not admissible to show the acts of a court of record. Rev. Stats., art. 2630; Jones v. Parker, 67 Texas, 76.

The annual accounts were not res adjudicata. It seems well settled that an allowance and approval by the court of a periodical partial accounting made by a guardian, when the ward was not actually represented by the guardian ad litem, can constitute no adjudication and is conclusive of nothing, liable to be corrected, rebutted, or set aside in a final settlement. Freiberg v. DeLamar, 7 Texas Civ. App., 263-8; Cunningham v. Pool, 9 Ala., 615-621; Douglas' Appeal, 82 Pa. St., 169-173.

DENMAN, ASSOCIATE JUSTICE.—L. C. Blackwood, guardian, having presented in the probate court for approval his final account as guardian of William Blackwood and others, and said court having disallowed same, he appealed to the District Court, and said court, having affirmed the judgment of the County Court, filed conclusions of law and fact, which, as far as necessary to an understanding of the question before us, are as follows:

"In 1886, L. C. Blackwood was appointed guardian of the persons and estate of William Blackwood, age 11 years, Emma Blackwood, age 9, and Iva Blackwood, age 7, minor children of his brother, and both parents were dead. He qualified and returned the inventory, which showed the estate to consist of two small tracts of land, containing 264 acres in the aggregate, appraised at $800, and $50 worth of personal property. The guardian continued to act until about July, 1897, when he filed his final account and caused the wards to be served with citation, and J. C. Kay was appointed guardian ad litem.

"The court finds that the annual accounts of the guardian for ten years of the guardianship were filed, presented to the court, and ordered to lie over, and that citation, which issued, was served and returned according to law, and at the proper terms said annual accounts were formally approved by the court by orders entered of record; that in each of said annual accounts the sum of $50 per annum for board was

stated in said accounts as charged to each ward. That the accounts were approved and recorded; that proper vouchers accompanied said accounts for all items of expenditures and receipts; that the annual accounts, showing the receipts and expenditures, are tabulated and fully set out in exhibit A, made a part of plaintiff's petition. That the guardian took the children into his home, fed and washed for them as members of the family, clothed them and sent them to school, paid their tuition, and each of the wards acquired a good common school education. That the board of each ward was reasonably worth $50 per annum, as stated in the annual accounts, and the wards had no other means of support. That the expense for betterments and improvements on the land, as stated in the several annual accounts, were reasonable, permanent, and increased the value of the premises to the amount of the expense; that the condition of the premises, when the same came into the possession of the guardian, was bad, and that the items of material and labor are tabulated in said exhibit A. That prior to the expenditures for material and labor, in making said improvements, the guardian had the verbal order of the court to make such expenditures for same as a prudent man would for his own, and that the bills would be approved, and were approved, but. no specific order for same is shown to have been entered on the record. That the final account offered for the approval of the County Court was substantially the same as shown in the restatement and tabulation set out in exhibit A.

"No order of court was shown, except such as may be found in the several orders of the court approving the several annual accounts."
*   *   *

"Conclusions of Law.—1. The guardian could not expend for the education and maintenance of the wards more than the net income of the estate without being so directed by the court, and such authority could not be shown without a specific order of court entered of record.

"2. The judgment of the County Court ought to be affirmed."

The guardian having appealed to the Court of Civil Appeals and said conclusions of law and fact having been there adopted, Hunter, Justice, dissenting, that court has certified to us for decision the point of dissent as follows: "Whether, upon the conclusions of fact adopted by this court, there was error in the trial court's conclusion of law that authority for the guardian to expend for the education and maintenance of the wards more than the net income of the estate could not be shown without a specific order of court entered of record."

We are of opinion that the majority of the Court of Civil Appeals correctly held that authority for the expenditure of more than the net income for the education and maintenance could only be shown by an order duly entered upon the minutes. Article 2630, Revised Statutes, provides that "the court may direct the guardian of the person to expend for the education and maintenance of his ward a specific sum, although such sum may exceed the income of the ward's estate; but without such direction of the court the guardian shall not be allowed,

in any case, for the education and maintenance of the ward, more than the clear income of the estate." It is clear that this article prohibits the allowance by the court of expenditures made by the guardian for the education and maintenance of the wards for any amount in excess of the income of the wards' estate, except in cases where the court has directed the expenditure of a specific sum. In fact, the dissenting opinion concedes that without an order having been in fact made, the court was without authority to allow it in the guardian's account, but the contention in the dissenting opinion is that such order may be established other than by the record of the probate court. In other words, it is contended that article 2557 of the Revised Statutes, which provides that "all decisions, orders, and judgments of the court in matters of guardianship shall be rendered and entered on the minutes of the court at a regular term thereof, and in open court, except in cases where it is otherwise specially provided," is merely directory, because there is no provison nullifying orders not so entered. We think, however, that article 1853, which provides that "all such decisions, orders, decrees, and judgments shall be entered on the records of the court, during the term at which the same are rendered, and any such decision, order, decree, or judgment shall be a nullity unless entered of record," applies as well to the proceedings in guardianship as to proceedings in estates of decedents. Article 2555 provides that "the record book used for the business of estates of decedents shall also be used for the business of guardianships." Article 2558 provides that "the provisions, rules, and regulations which govern estates of decedents shall apply to and govern such guardianships, whenever the same are applicable and not inconsistent with any of the provisions of this title." It will be observed that it was the purpose of the Legislature to require all orders made in reference to estates of decedents, as well as those.in matters of guardianship, to be entered in the same probate records, and we see no reason why it should be held that the provisions of the statute above quoted, rendering null and void those made in reference to estates of decedents if not entered upon the record, are not applicable to orders made in matters of guardianship, in view of the language of article 2558 above quoted. This article provides in unequivocal language that the provisions, rules, and regulations which govern estates of decedents shall also apply to guardianships, and it must be so held unless we can say that they are not applicable or that they are inconsistent with some of the provisions of the title with reference to guardianship. It appears to us that there is as much reason for not permitting action to be taken on the unrecorded orders in the one case as in the other, and that the provisions of said article 1853 are not only not inconsistent but are in entire harmony with the spirit and purpose of the title in reference to guardianship. Article 2557 requires the order in guardianships to be entered on the minutes at a regular term and in open court, and article 2560 says that it shall be the duty of the county judge to see that the orders

are so entered, and article 2562 provides that any person who may consider himself aggrieved by such an order may appeal therefrom or have the same revised and corrected by certiorari or bill of review, evidently contemplating the entered orders.

It may be that injustice will sometimes result from not allowing a guardian to charge the ward with expenditures for support and maintenance in excess of the income upon his estate unless he can show an order entered upon the minutes authorizing same, but it will undoubtedly, upon the whole, tend to economy and fair dealing in the administration of such estates, and prevent guardians, at the close of a long administration, from attempting to exact in the final settlement unjust and unreasonable charges which probably would never have been made as the administration progressed, and, if made at an earlier date, would have led to determined opposition from the ward or his friends, and probably to a discharge of the guardian and the selection of one who would more economically administer the trust. It was the object of the Legislature in requiring these orders to be entered upon record and nullifying those not so entered, to give to all persons interested, whether pecuniarily or otherwise, in seeing the trust properly administered, certain and timely evidence and notice of the charges proposed to be made. We think these provisions fraught with much wisdom, and are not disposed to construe them away to meet the hardship of a particular case. It is not exacting too much of a guardian to require him to see that an order under which he proposes to make expenditures in excess of the income of the estate is duly entered upon the record, for no prudent person ought to make such an expenditure without a copy of such order. If we had doubts about the proper construction of this statute, we would feel bound to resolve same in favor of the construction above given, in view of the decision of this court in Jones v. Parker, 67 Texas, 82 (1886), where it was said by the present Chief Justice that "in view of another trial, we will say generally, that for the support of the ward the guardian can only be allowed for expenditures to the extent of the income of the ward's estate, unless proof be made of an order of court authorizing it. And we do not think a mere verbal direction from the county judge is a legal order for this purpose." In holding as we do, that an unrecorded order can not be shown as authority for the guardian's expenditure for support and maintenance of the ward of any sum in excess of the income, we do not wish to be understood as intimating that such an order is necessary to authorize the court to approve in the annual or final accounts whatever reasonable expenditures the guardian has made not in excess of the income.

*Majority opinion sustained.*