DALLAS TRUST & SAVINGS BANK v.
PITCHFORD. (No. 8104.)

(Court of Civil Appeals of Texas. Dallas. Jan. 25, 1919.)

1. GUARDIAN AND WARD &⇒30(3)—EXPENDITURES FOR WARD—AUTHORITY OF GUARDIAN.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4131, a guardian cannot, in the absence of previous direction by the court, go beyond the clear income of the estate of the ward for his education and maintenance.

2. GUARDIAN AND WARD &⇒30(3)—EXPENDITURES—AUTHORITY OF GUARDIAN.

The provision of Vernon's Sayles' Ann. Civ. St. 1914, art. 4131, prohibiting a guardian from expending more than the clear income of the estate of his ward for education and maintenance without the previous authority of court, extends to a third person who furnishes necessaries to the ward, the guardian, who is primarily liable, having failed, for otherwise the purpose of the statute could be easily evaded.

3. GUARDIAN AND WARD &⇒30(3)—INSANE PERSONS &⇒54—LIMITATIONS ON GUARDIAN —STATUTES.

As there is no statute giving remedy to third person for expenses incurred in maintaining a minor or non compos mentis under guardianship, and as it is the duty of the guardian to provide for such maintenance, and as he is expressly prohibited by statute from incurring expenses for that purpose in excess of the income of the ward's estate without previous order of the probate court, a third person who supplied a ward with necessaries to an amount in excess of income of his estate has no cause of action against guardian for establishment of claim against ward's estate on theory that such cause of action existed at common law.

4. GUARDIAN AND WARD &⇒30(3)—INSANE PERSONS &⇒54—DUTY OF GUARDIAN.

It is the duty of a guardian to furnish his wards, whether infant or non compos mentis, with necessaries, and if a guardian fails or refuses to maintain a ward out of his estate, etc., he should be compelled to by the remedies provided, and a third person is not justified in discharging the guardian's duty.

Appeal from Dallas County Court; W. L. Thornton, Judge.

Action by F. Pitchford against the Dallas Trust & Savings Bank, guardian. From a judgment for plaintiff, defendant appeals. Affirmed in part and in part reversed and rendered.

Cockrell, Gray, McBride & O'Donnell, of Dallas, for appellant.
Meador, Kugle & Harrell, of Dallas, for appellee.

TALBOT, J. The appellee, Pitchford, instituted this suit in the county court of Dallas county at law, No. 2, against the appellant as guardian of the estates of Willie Pitchford, a minor, and Fred Pitchford, a non compos mentis, to establish, as valid claims against the respective estates of said wards, to be paid by said guardian, certain itemized accounts for supplies and necessaries furnished appellant's said wards. Trial before the court without a jury resulted in a judgment for appellee.

The facts found by the court, which are undisputed, are as follows:

"On July 10, 1913, the probate court of Dallas county, Tex., appointed Stella Coleman guardian of the person and estate of Willie Pitchford, a minor. On said date Stella Coleman qualified as such guardian, and continued to act as such until January 21, 1915, at which

time she was permitted to resign as guardian of the estate, but not of the person, of said Willie Pitchford; and thereupon, upon said date, Dallas Trust & Savings Bank was appointed by said probate court as guardian of the estate of the said Willie Pitchford, minor, and on said date duly qualified as such, and has continued to be such guardian and is such now. Said Stella Coleman constantly since July 10, 1913, has been, and is yet, the guardian of the person of said Willie Pitchford. The said Willie Pitchford is still a minor, and said guardianships of her person and estate have been pending in said probate court continuously since September 8, 1913, and are still pending and undetermined. On September 8, 1913, said probate court appointed Stella Coleman as guardian of the person and estate of Fred Pitchford, non compos mentis, and that she continued to be such up to January 21, 1915, at which time she resigned as guardian of both the person and estate of the said Fred Pitchford; and thereupon, upon said date, defendant, Dallas Trust & Savings Bank, was appointed by said probate court as guardian of the person and estate of said non compos mentis, and thereupon qualified as such and has continued to be such since said date. Constantly since September 8, 1913, said guardianships of the person and estate of Fred Pitchford, non compos mentis, have been pending in the probate court and are still pending and undetermined. The said Fred Pitchford is still a non compos mentis. The plaintiff herein, F. Pitchford, an uncle of the said Willie Pitchford and Fred Pitchford, after the guardian, Stella Coleman, had failed to furnish and supply said non compos mentis and minor, and was refusing further care, attention, maintenance, and support, in good faith expended on the dates indicated in his pleadings herein the sums shown in said petition for the support, benefit, and maintenance of the said Willie Pitchford and Fred Pitchford, and said expenditures were reasonable in amount, and were necessary for the support and maintenance of the said Willie Pitchford and Fred Pitchford. Said expenditure by the plaintiff in behalf of the said Willie Pitchford amounts to $106.80, and said expenditure in behalf of said Fred Pitchford amounts to $511.37. No expenditures for maintenance or support have been made by Stella Coleman, guardian of the persons, nor by the defendant, Dallas Trust & Savings Bank, guardian of the estates, during the time the plaintiff, F. Pitchford, furnished necessaries as shown by his account, and supplied said non compos mentis and said minor. Said respective expenditures and sums claimed by plaintiff exceeded the income of the respective estates of said Willie Pitchford and Fred Pitchford, and, in order that same may be paid, it is necessary to use the corpus of their estates. No order was made or entered by said probate court authorizing said expenditures."

The only assignment of error is that the—

"court erred in rendering judgment for plaintiff because the plaintiff's claim, and the portion thereof as disallowed by this guardian, exceeded the clear income of the estate of said wards and each of said estates, and there was no prior order of the probate court of Dallas county authorizing the expenditures which constitute the plaintiff's claim; and continuously since prior to the time the items or any of same were incurred which constitute said claims, there has been pending in the probate court of Dallas county guardianships of the persons and estates of both of said wards, of which facts plaintiff, F. Pitchford, had notice and knowledge."

[1] We see no escape from the conclusion that the assignment should be sustained. It is statutory that the court may direct the guardian of a minor or non compos mentis to expend, for the education and maintenance of his ward, a specific sum, although such sum may exceed the income of the ward's estate; but without such direction of the court the guardian shall not be allowed, in any case, for the education and maintenance of the ward, more than the clear income of the estate. Vernon's Sayles' Civil Statutes, art. 4131. This statute has been construed a number of times by the appellate courts of this state, and the rule therein prescribed uniformly held to be mandatory, and that, in the absence of previous direction by the court, the guardian cannot go beyond the clear income of the estate for the education and maintenance of the ward. Jones v. Parker, 67 Tex. 76, 3 S. W. 222; Blackwood v. Blackwood's Estate, 92 Tex. 478, 49 S. W. 1045; De Cordova v. Rogers, 97 Tex. 60, 75 S. W. 16; Freedman v. Vallie, 75 S. W. 322; Wheeler v. Duke, 29 Tex. Civ. App. 20, 67 S. W. 909. The trial court found that the appellee expended the sums for which a recovery is sought on the dates indicated by his pleadings, and these dates show that all expenditures for which a charge is made in the accounts were made subsequent to the resignation of the first guardian, Stella Coleman, and during the guardianship of the appellant. This precludes a finding that the claims asserted, or any part of them, were for the support of the wards before the appellant was appointed guardian, and renders clearly applicable the provision of the statute referred to and the decisions cited. In no sense can either the claim for the support of the minor or the claim for the support of the non compos mentis be regarded as a debt against their respective estates created and existing before the appointment of the guardian. This being true, the case of Logan v. Gay, 99 Tex. 603, 90 S. W. 861, 92 S. W. 255, in which it was held that a claim for the support of a minor prior to the appointment of a guardian was not governed by the statute under consideration, is not applicable, and cannot be relied on for an affirmance of the judgment rendered in the present case. That case was distinguished from the cases we have cited above and others to the same effect, on the ground that the claim of the former constituted a debt against the minor existing before the appointment of the guardian,

whereas the latter involved expenditures during guardianship.

[2] The fact that a third person made the expenditures sued for in the present instance does not, in our opinion, materially alter the case, as appellee insists it does. If so, the protection intended to be afforded by the statute, declaring that a guardian may not, without leave of the court, use the corpus of the ward's estate for his maintenance, could easily be evaded or rendered nugatory. It would enable the guardian, by allowing such claim, to do indirectly that which the statute forbids him to do directly. Instead of incurring expenses himself for the support of the ward in excess of the income of the ward's estate, such expenses could be incurred through a third person, with the assurance that, being so incurred, it would constitute a valid claim against the ward's estate, although in excess of the income of said estate. A guardian is a person upon whom the law imposes the duty of looking after the pecuniary interest of, and providing for the education and maintenance of, his ward. This duty cannot be delegated to a third person during the guardianship, nor can it be assumed by a third person during the guardianship; or, if assumed during such time, such person clearly would be in no better position to have his claim approved and ordered paid by the probate court, at least where it exceeded the income of the ward's estate, than the guardian would be who had incurred such claim without an order of the court. The court found that appellee, in good faith, expended for the support of appellant's wards the sums for which judgment was asked, and the record suggests no reason whatever to doubt the correctness of this finding; but since the expenditures exceed the income of the respective estates of the wards, and no order of court was obtained authorizing them, the appellant, as guardian, was not authorized to allow the claims made therefor, and its rejection of them, in so far as they exceeded the respective incomes of the wards' estates, was proper.

[3] The appellee recognizes our statutory rule that a guardian cannot expend for the maintenance of the ward an amount exceeding the "clear income" of the ward's estate; but insists that the statute declaring such rule is not exclusive, and does not affect the common-law right of a third party to recover against the guardian for money expended for the maintenance of the ward, and in support of this contention cites Luder's Admr. v. State, 152 S. W. 220. The principle announced in the case cited, that "if a statute gives a remedy in the affirmative without a negation, express or implied, for a matter which was actionable at common law, the party may sue at common law as well as upon the statute," has no application here.

The state in that case sued to recover for expenses incurred for maintaining a patient in the insane asylum, and we have a statute which provides that all public patients not indigent shall be kept and maintained at the expense of the state in the first instance; but in such cases the state shall be entitled to reimbursement in the mode pointed out by other articles of the statute, and this statute was held to be merely permissive and cumulative of the state's common-law right of action and not exclusive. No similar statute giving a third party a remedy for expenses incurred by him for the maintenance of a minor or non compos mentis pending guardianship exists in this state, and since during such time it is the duty of the guardian to provide for the maintenance of the ward, and is expressly prohibited by statute from incurring expenses for that purpose in excess of the income of the ward's estate without a previous order of the probate court, and impliedly prohibits him from allowing such a claim presented by a third person, such person would have no cause of action against the guardian for the establishment of his claim against the ward's estate to be paid out of the corpus of the estate, upon the theory that such cause of action existed at common law. It is not and cannot be denied that the guardian could not recover on such a claim, and we can see no good reason why a third party, who voluntarily incurs such expenses with knowledge of the pendency of the guardianship, should be allowed to recover.

[4] It appears that no expenditures for the maintenance of appellant's wards were made by it during the time appellee furnished them necessaries as shown by his account; but it does not appear that appellee or any one else made any effort, by appealing to appellant or the probate court, to have it provide for the support of the wards. If appellant, as guardian, failed or refused to maintain the wards when it could have done so out of their estates, a remedy was at hand and should have been invoked. In Blackwood v. Blackwood's Estate, supra, the guardian, an uncle of the wards, who had furnished them board in his family for eleven years, and had submitted annual accounts therefor, which the court approved, but which was not authorized by any order of record, was denied recovery; and the Supreme Court, recognizing that injustice might sometimes result from not allowing a guardian to charge the ward with expenditures for support in excess of the income of the ward's estate, unless he could show an order entered upon the minutes authorizing same, said, in substance, that the rule would undoubtedly, upon the whole, tend to economy and fair dealing in the administration of such estates, and prevent guardians, at the close of a long administration, from attempt-

ing to exact in the final settlement unjust and unreasonable charges. The court found in this case that the expenditures of appellee were reasonable in amount, and application of the rule may work a hardship upon appellee; but it has been invoked, and we see no way to avoid adhering to it. As we understand, no complaint is made of the recovery for the $100.45 allowed by the guardian against the estate of Fred Pitchford, and the judgment of the county court will therefore be reformed and affirmed as to said amount, and reversed and rendered in favor of appellant as to all the balance sought to be recovered.

Affirmed in part; reversed and rendered in part.