**PATILLO v. ÀLLISON et al.**

No. 1245.

Court of Civil Appeals of Texas. Waco.
June 9, 1932.

Rehearing Denied July 11, 1932.

E. P. Bryan, of Dallas, for appellant.

Robt. H. Jones, Jr., Robt. L. Hurt, and R. M. Perry, all of Dallas, for appellees.

GALLAGHER, C. J.

This suit was instituted by Addie Lucile Burrows and husband, Arthur Burrows, appellees herein. against Bennie Shaw Allison, James Edward Allison, and Aliene Grace Allison, minors, also. appellees herein, for the partition of a certain tract of land consisting of five acres, situated in Dallas county, Tex. Appellant, M. T. Patillo, intervened, claiming by purchase from Mrs. Burrows one acre out of her share of said tract. A brief statement of the circumstances out of which the claims of the respective parties in and to this tract of land arose is deemed proper. Mrs. Burrows, formerly Mrs. Allison, is the mother of the minors James Edward Allison and Aliene Grace Allison, and stepmother of the minor Bennie Shaw Allison, he being the son of her deceased husband. She, for herself and as next friend for said minors, recovered a judgment in the district court of Dallas county, Fourteenth judicial district, against the Texas & New Orleans Railroad Company for the sum of $10,500, of which sum $7,500 was by the terms of said judgment apportioned to her and $1,000 apportioned to each of said minors. The aggregate sum so apportioned to

said three minors was deposited in the registry of the court, as provided by article 1994 of our Revised Statutes. On November 12, 1927, shortly after said money was so deposited, she applied to the court for an order directing the investment thereof. Her application is not in the record. The recitations in the order of court entered on said day, however, show that she made such application and that the court heard evidence and found that the money belonging to said minors should be invested in the tract of land involved herein as a part of the purchase price, as recited in a conveyance thereof by J. E. Maybery to Addie Lucile Allison, Bennie Shaw Allison, James Edward Allison, and Aliene Grace Allison. The court in said order directed that the said sum of $3,000 belonging to said minors be paid by the clerk of the court to said grantor, J. E. Maybery, that he be required to receipt therefor upon the records of the court, and that such receipt be a full discharge of the clerk from further liability for said money. The deed from said Maybery to Mrs. Allison and said minors was introduced in evidence, but is not found in the statement of facts herein. It, however, appears to be conceded by all parties that the purchase price paid to said Maybery for said tract of land was $7,000, that $4,000 thereof was paid out of the money received by Mrs. Allison as her share of said judgment, and the remaining $3,000 out of the money deposited in the registry of the court for said minors, and that Mrs. Allison and said minors were named as grantees therein without any recital indicating their respective interests in said land. Mrs. Allison thereafter conveyed to appellant one acre of land off of the west end of said tract. After said conveyance and prior to the institution of this suit, Mrs. Allison married her coappellee, Arthur Burrows. Bennie Shaw Allison answered by a duly appointed and qualified guardian of his estate. The court appointed a guardian ad litem to represent the other two minors. Both said guardian and guardian ad litem, by proper pleadings, assailed the action of the court in ordering the moneys belonging to said minors invested in said tract of land, and charged in that connection that Mrs. Allison fraudulently represented to the court that she was the guardian of said minors and thereby induced the court to order the moneys belonging to them invested in said land, and that the court would not have made such order had he known that she was not in fact such guardian. They further charged that on account of such alleged fraud Mrs. Allison became a constructive trustee of such funds, and that the land so acquired in part therewith became charged with a lien to secure the same, and that the intervener acquired his purported interest therein with knowledge or notice of such facts. They asked that Mrs. Allison be required to return said money into the registry of the court, with legal interest thereon, or, in the alternative, that they have judgment against her therefor and a foreclosure of their equitable lien on said tract as a whole to secure the same.

The case was tried by the court without a jury. The court awarded to appellant title to the one acre of land claimed by him off the west side of the tract, and described the same by metes and bounds. The court further awarded to said minors, Bennie Shaw Allison, James Edward Allison, and Aliene Grace Allison, a judgment against said Addie Lucile Burrows and her present husband, Arthur Burrows, in the sum of $4,116.67, being the original sum of $3,000 paid out of the registry of the court as a part of the purchase price of said tract of land, with legal interest thereon from the date of such payment to the time of trial, together with interest on such judgment until finally paid at the rate of 6 per cent. per annum, and further awarded a foreclosure of a lien on the entire tract to secure the payment of the same. The court further provided in said judgment that the four acres remaining after the sale to the appellant be sold first and the proceeds applied in satisfaction of the recovery so awarded to said minors, and the remainder of such proceeds, if any, paid to Mrs. Burrows, but further provided that, in event the proceeds from the sale of said four acres should not be sufficient to discharge in full the judgment in favor of said minors, the one-acre tract awarded to appellant be then sold and the proceeds applied to the satisfaction of said judgment, and the remainder, if any, paid to him. Appellant presented a motion for new trial, which the court overruled. He thereupon perfected this appeal.

### Opinion.

Appellant presents eighteen separate assignments of error assailing the judgment rendered in this case. He contends therein that the action of the court in ordering the funds of the minors then in its registry invested in said tract of land was a valid exercise of authority conferred by statute, and constituted a judicial determination that the interests of the minors would be protected and served by such investment, and that the trial court erred in holding that such investment was without lawful authority. He further contends in that connection that there is no testimony to support an implied finding that Mrs. Allison perpetrated any fraud upon the court in procuring such order or that the court was in any way misled in making the same.

The court in making said order of investment acted under the authority of article 1994, Revised Civil Statutes of 1925. Said article provides that minors who have no legal guardian may sue by next friend, but further provides that, when the minors so represented

shall recover a judgment for money or other personal property not exceeding $500 in value, the court may by order entered of record authorize such next friend, or any other person, to take charge of such money or property for the use and benefit of such minors, upon execution of a bond payable and conditioned as therein prescribed. Such conditions require the makers of such bond to pay such money, with legal interest thereon, to the party entitled to receive the same when ordered by the court to do so. Said article further provides that the person who takes such money or property shall receive such compensation as the court may allow, and shall make such disposition thereof or return the same into court as the court may order. Said article further provides that the court in which such judgment is recovered may upon application and hearing provide by decree for the investment of the funds so recovered. These provisions were considered by this court in the case of McClendon v. Gahagan, 6 S. W. (2d) 796. We there held, in effect, that said article provided two separate or alternate methods for protecting the minor's recovery in such cases and utilizing the same for his benefit, and that the authority of the court to direct the return of such funds into its registry existed only when the funds were withdrawn under bond as therein provided, and not when there had been an investment thereof under the alternate provision of such article.

■ Said article in express terms authorized the court, upon application and hearing, to make an order directing the investment of the funds belonging to these minors. The Century Dictionary defines the word "invest" as follows: "To employ for some profitable use; convert into some other form of wealth, usually of a more or less permanent nature, as in the purchase of property or shares or in loans secured by mortgages;" etc. The expenditure of the funds belonging to these minors in the purchase of real estate in their respective names was clearly within the authority conferred. The investment ordered by the court in this case was not invalid, as contended by appellees, because the interest vested in the minors thereby was an undivided interest in said tract of land instead of the entire interest therein. A similar issue was involved in McClendon v. Gahagan, above cited. In that case the court ordered the funds of the minors invested in the purchase of two of a series of three vendor's lien notes. While the notes purchased for the minors were several, they were secured by the same lien as the other note of the series, which in that case was much larger than the notes purchased. Apparently values had declined, and it was apprehended the security would be insufficient to satisfy all said notes in full, in which event the notes held by the minors would share their pro rata part of the loss sustained by

reason of the insufficiency of the security. We held in that case that the validity of the investment was not affected by such state of facts. The order of the court directing that the funds of these minors be invested in said tract of land shows conclusively that the court understood that an undivided interest therein only was acquired by and vested in said minors. The order recites that the court heard the evidence and was of the opinion that the investment suggested in the application therefor should be made. The court in making such order was exercising judicial functions. The testimony presented to him in support of such application is not before us, but the testimony in this case discloses the situation as it existed at that time. Such testimony shows that Mrs. Allison was a widow, charged with moral responsibility for the support, maintenance, and rearing of said minors, and with legal responsibility therefor at least as to her own two children. The recovery of which such funds were a part was apparently for the death of her husband and the father of said minors. Said tract consisted of five acres of land. It was situated in or near the suburbs of the city of Dallas and abutted or fronted upon the Dallas-Denton highway. The testimony showed that such highway was an important one and highly improved. There was testimony tending to show that, according to values existing at the time said tract was purchased, it was worth at least approximately the sum paid therefor. There were two houses located thereon, one of which consisted of six rooms and the other of two rooms. The larger house was occupied by Mrs. Allison as a home for herself and said minors, and such use was apparently comtemplated by her at the time of the purchase. The facts shown by such testimony to have existed at the time said order of investment was made do not justify a contention that the court abused his discretion in making the same. The acre sold by Mrs. Allison to appellant was paid for in part by the improvement of the remainder of the tract. In her deed to him she recognized the interest of the minors in said tract and expressly stipulated that the acre so conveyed should come out of her share or interest therein. If the minors, therefore, have suffered any injury by reason of such investment, it has arisen out of the decline in prices shown by the testimony in this case. Such a loss is a possibility in almost every investment.

■ The judgment of the trial court awarding the minors a recovery of the entire sum paid out of the registry of the court in the purchase of said tract of land, with legal interest thereon from the date of purchase, instead of an undivided three-sevenths interest in said land, is apparently based on an implied finding that Mrs. Allison, in procuring such order of investment, perpetrated such fraud upon the court as to make her a

constructive trustee of such funds and to create as against her an equitable lien in favor of the minors upon the entire tract of land in which such funds were invested. Appellant, as above stated, assails such implied finding as being without any support in the evidence. The only circumstance disclosed by the evidence tending to show that Mrs. Allison made any misrepresentation to the court in securing said order is indicated by recital therein that she presented her application therefor "in her own right and capacity and as guardian and next friend for her two minor children, James Edward Allison and Aliene Grace Allison, and as guardian and next friend of Bennie Shaw Allison, son of her deceased husband." Appellees contend in this connection that this recital indicates that she made such application in the purported capacity of legal guardian of said minors, and as such claimed the right to receive said funds. The terms of the order in themselves rebut such contention. Had Mrs. Allison been accorded the right to withdraw such funds as the duly and legally qualified and acting guardian of the estates of said several minors, said order should and doubtless would have merely directed that the same be paid to her and her receipt taken therefor. Such a guardian has a legal right to the possession of the personal estate of the minor and upon receipt thereof is required to account therefor to the probate court. R. S. arts. 4164, 4168, 4225, and 4297. Should such a guardian desire to invest moneys belonging to the minor in real estate, application for authority to do so must be made to the probate court and the propriety and desirability of such an investment determined by that tribunal. R. S. arts. 4182, 4183, and 4184. The order of the court in this case did not direct that the funds of the minors be turned over to Mrs. Allison, but, on the contrary, directed that such funds be invested by the purchase of an undivided interest in said tract of land and that they be paid by the clerk directly to the grantor in the deed conveying such tract to Mrs. Allison and said minors, and made the receipt of such grantor an acquittance to the clerk of further liability on account of such funds. We are not warranted in assuming that the district court, in making the order under consideration, was attempting to usurp the authority and jurisdiction of the probate court. The mere fact that Mrs. Allison may in her application have designated herself as "guardian and next friend" of said several minors is of little if any import. The word "guardian," even in a legal sense, has various meanings. Mrs. Allison, as the surviving parent of her own children, was declared by statute to be their natural guardian. R. S. art. 4118. Succeeding articles of the statute provide for the appointment of guardians of the persons and guardians of the estates of minors. Only a duly appointed and qualified guardian of the estate of a minor is entitled to the custody and control of such estate. As before stated, the very terms of the order rebut any presumption that the court considered her such a guardian. Appellant's contention that such implied finding is without sufficient support in the evidence is therefore sustained.

This appeal, as before indicated, is prosecuted by appellant alone. The court erred in establishing a lien upon the one-acre tract awarded to him and ordering the same sold in satisfaction of the minors' recovery in event the proceeds of the sale of the remainder of the tract were insufficient to discharge such judgment. The pleadings in this case are wholly insufficient to support a personal judgment against Arthur Burrows for the sum awarded the minors herein, and the award of such a judgment against him constitutes fundamental error.

The judgment of the trial court is reversed, and the cause is remanded.