

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 7, 1952

Hon. Sam W. Davis          Opinion No. V-1418
District Attorney
Civil Courts Bldg.      Re: Constitutionality of Arti-
Houston 2, Texas             cle 1994, V.C.S., which
                             authorizes district courts
                             to permit the investment
                             of funds accruing under a
                             judgment in favor of a
Dear Mr. Davis:              minor.

   Your request for an opinion of this office
relates to the constitutionality of Article 1994,
V.C.S. You state there is now pending in the 55th
District Court of Harris County a proceeding involv-
ing a minor child who was awarded $1,000 and there
is now on file an application for permission to in-
vest this fund. The Judge of that court has expressed
concern as to the constitutionality of Article 1994,
V.C.S.

   Article 1994, V.C.S., provides in part as
follows:

   "Minors, lunatics, idiots or non
compos mentis who have no legal guardian
may sue and be represented by 'next friend'
under the following rules:

   "4. The judge of the court in which
the judgment is rendered upon an applica-
tion and hearing, in term time or vaca-
tion, may provide by decree for an invest-
ment of the funds accruing under such judg-
ment. Such decree, if made in vacation,
shall be recorded in the minutes of the
succeeding term of the court."

   Section 16 of Article V of the Texas Consti-
tution provides that the County Court shall have the
jurisdiction of a probate court and shall appoint
guardians of minors, idiots, lunatics, or persons non
compos mentis and transact all business pertaining to

those persons as provided by law. Your question is whether the provisions of Article 1994, V.C.S., quoted above, are in conflict with this section of the Constitution. The constitutional jurisdiction of the District Courts as set out in Section 8 of Article V of the Texas Constitution provides that those courts ". . . shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law."

It is well settled that in determining the constitutionality of a statute it is the duty of the courts to uphold the legislative enactment if at all possible and to adopt any reasonable construction which will place the statute in harmony with the Constitution, rather than one which will cause the statute to be in violation thereof. Pickle v. Finley, 91 Tex. 484, 44 S.W. 480 (1898).

In McClendon v. Gahagan, 6 S.W.2d 796 (Tex. Civ. App. 1928), the Court held that where funds are invested by order of the District Judge under Article 1994, V.C.S., the investment is binding upon the minor, although the money is lost by reason of a bad investment.

In Patillo v. Allison, 51 S.W.2d 1041, 1043 (Tex. Civ. App. 1932), it was contended that application was made to the District Court under Article 1994 by a person as guardian of the minors who had received funds under a judgment and that since that person was not guardian the order for investment was obtained by misrepresentation. The Court held that the District Court involved must have found that the applicant for the right to invest was not guardian of the minors, since the District Court's order was based upon the provisions of Article 1994, and consequently the investment order was proper. In so holding, the court stated:

"Said article /Art. 1994/ in express terms authorized the court, upon application and hearing, to make an order directing the investment of the funds belonging

to these minors. The Century Dictionary defines the word 'invest' as follows: 'To employ for some profitable use; convert into some other form of wealth, usually of a more or less permanent nature, as in the purchase of property or shares or in loans secured by mortgages', etc. The expenditure of the funds belonging to these minors in the purchase of real estate in their respective names was clearly within the authority conferred. The investment ordered by the court in this case was not invalid, as contended by appellees, because the interest vested in the minors thereby was an undivided interest in said tract of land instead of the entire interest therein. A similar issue was involved in McClendon v. Gahagan, above cited. . . ."

". . . Had Mrs. Allison been accorded the right to withdraw such funds as the duly and legally qualified and acting guardian of the estates of said several minors, said order should and doubtless would have merely directed that the same be paid to her and her receipt taken therefor. Such a guardian has a legal right to the possession of the personal estate of the minor and upon receipt thereof is required to account therefor to the probate court. R.S. arts. 4164, 4168, 4225, and 4297. Should such a guardian desire to invest moneys belonging to the minor in real estate, application for authority to do so must be made to the probate court and the propriety and desirability of such an investment determined by that tribunal. R.S. arts. 4182, 4183, and 4184. The order of the court in this case did not direct that the funds of the minors be turned over to Mrs. Allison, but, on the contrary, directed that such funds be invested by the purchase of an undivided interest in said tract of land and that they be paid by the clerk directly to the grantor in the deed conveying such tract to Mrs. Allison and said minors, and made

the receipt of such grantor an acquittance to the clerk of further liability on account of such funds. We are not warranted in assuming that the district court, in making the order under consideration, was attempting to usurp the authority and jurisdiction of the probate court. The mere fact that Mrs. Allison may in her application have designated herself as 'guardian and next friend' of said several minors is of little if any import. . . ."

From the above authorities the inference is that Article 1994 is not to be construed as being in violation of any of the rights of the County Court acting in its capacity as a probate court, but that the provisions of Article 1994 operate independent of the action of the County Court in its supervisory jurisdiction of guardians, and when there has been no action by the County Court with regard to the appointment of a guardian. So construed, Article 1994 is not in conflict with Section 16 of Article V of the Texas Constitution. We therefore agree with your conclusion that Article 1994 is constitutional.

## SUMMARY

Article 1994, V.C.S., which authorizes a judge of a court to provide, upon proper application, for the investment of funds of a minor is constitutional.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

BW:mh

PRICE DANIEL
Attorney General

By Burnell Waldrep
Burnell Waldrep
Assistant