**Carmen E. DECKER, Guardian of Estates of Kathryn Mae Mollohan et al., Minors, Appellant,**

**v.**

**Wayne WIGGINS, District Clerk, et al.,**

**Appellees.**

**No. 16861.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 27, 1967.

Nelson, Montgomery & Robertson, and David Tate, Wichita Falls, for appellant.

Peery, Wilson & Jameson, Wichita Falls, for appellee Wayne Wiggins in trial court.

Jones, Fillmore, Robinson & Lambert, Wichita Falls, for appellee North Texas Federal Savings and Loan Ass'n in trial court.

Humphrey, Gibson & Darden, Wichita Falls, for appellee Wichita Falls Savings Ass'n in trial court.

## OPINION

RENFRO, Justice.

This case was presented to the trial court on an agreed statement of facts.

On June 14, 1965, Kathryn Mae Mollohan and Debra Lynne Mollohan, minors, acting by and through their grandmother, Mrs. Carmen E. Decker, as next friend, recovered a judgment for personal injuries and for the death of their mother.

Shortly after judgment the District Clerk, Wayne Wiggins, received a total of $8,516 for the benefit of Debra Lynne Mollohan and $10,948.68 for the benefit of Kathryn Mae Mollohan.

On June 23, 1965, the District Clerk, acting under the direction of the court, deposited the funds in two savings and loan associations.

Thereafter, on October 31, 1966, Mrs. Carmen E. Decker was duly appointed guardian of the estates of the two above named minors in Cause No. 3046 in the County Court of Wichita County, Texas. She has also qualified as guardian of the estates of the two minors in Logan County, Colorado.

After qualifying as guardian, Mrs. Decker made demand on the District Clerk and the two savings associations for delivery of the money belonging to her wards.

The only reason the defendants refused to deliver such funds was that they had not been so ordered by the District Court.

The Court refused to order the funds delivered to the guardian; hence this appeal.

The Court acted under authority of Article 1994, Vernon's Ann.Tex.Civ.St., in ordering the money paid into court under the judgment obtained by the next friend to be invested in the savings associations.

The pertinent sections of said Article read as follows:

"Minors, lunatics, idiots or non compos mentis persons who have no legal guardian may sue and be represented by 'next friend' under the following rules: 1. In such cases when a judgment is recovered for money or other personal property the value of which does not exceed One Thousand, Five Hundred Dollars ($1,500), the court may by order entered of record, authorize such next friend or other person to take charge of such money or other property for the use and benefit of the plaintiff when he has executed a proper bond in a sum at least double the value of the property, payable to the county judge, conditioned that he will pay said money with lawful interest thereon or deliver said property and its increase to the person entitled to receive the same when ordered by the court to do so, and that he will use such money or property for the benefit of the owner under the direction of the court.

"2. The judge of the court in which the judgment is rendered upon an application and hearing, in term time or vacation, may provide by decree for an investment of the funds accruing under such judgment. Such decree, if made in vacation, shall be recorded in the minutes of the succeeding term of the court.

"3. The person who takes such money or property shall receive such compensation as the court may allow and shall make such disposition thereof as the court may order; and he shall return such money or property into court upon the order of the court."

It is the position of the guardian that, after she qualified as such, she was entitled to possession, control and custody of all the estate of her wards.

Subsection (b) of Section 230, Probate Code, V.A.T.S., provides that "The guardian of the estate of a ward is entitled to the possession and management of all properties belonging to the ward, to collect all debts, rentals, or claims due such ward, to enforce all obligations in his favor, and to bring and defend suits by or against him; but, in the management of the estate, the guardian shall be governed by the provisions of this Code. It is the duty of the guardian of the estate to take care of and manage such estate as a prudent man would manage his own property. He shall account for all rents, profits, and revenues that the estate would have produced by such prudent management."

Section 231 of the Code provides that "The guardian of both person and estate has all the rights and powers, and shall perform all the duties, of the guardian of the person and of the guardian of the estate."

It is provided in Section 233 that every personal representative of an estate shall use ordinary diligence to collect all claims and debts due the estate and to recover possession of all property of the estate to which its owners have claim or title.

The County Court has the general jurisdiction of a probate court. "It shall * * * settle accounts of personal representatives, and transact all business appertaining to estates subject to administration or guardianship, including the settlement, partition, and distribution of such estates." Section 4, Probate Code.

Under the provisions of Section 5, the district court shall have appellate jurisdiction and general control over the county court in all probate matters, and original control and jurisdiction over guardians and wards under such regulations as may be prescribed by law.

In Silber v. Southern National Life Insurance Company, 326 S.W.2d 715 (Tex. Civ.App., 1959, writ ref.), the San Antonio Court of Civil Appeals, speaking through the then Associate Justice Pope, held: "The minors sued through next friend, and this is a correct procedure. Rule 44, Texas Rules of Civil Procedure. In this instance, however, the suit was for recovery of money due on the bonds, and the money was deposited in the registry of the court. A recovery by next friend could only accomplish that much, but the next friend, after such a recovery, still does not become the manager of the funds. Article 1994, Vernon's Ann.Civ.Tex.Stats., makes provision for limited disposition of funds which are less than five hundred dollars. With respect to funds in excess of that amount, a guardian is required even after recovery by next friend. Travelers Ins. Co. v. Calcote, Tex.Civ.App., 205 S.W.2d 56; Wilson v. Fisher, Tex.Civ.App., 105 S.W.2d 304; Harllee v. State, Tex.Civ.App., 18 S.W.2d 1091; 23 Tex.Jur., Infants, §§ 82, 85; 27 Am.Jur., Infants, § 134. Since the parent, without appointment as guardian of the minor's estate, could not act as such, defendant corporation was under no duty to pay the parent as claimant on behalf of the children. Nor could the defendant corporation be expected, in the face of the above authorities, to deliver the currency or write a check payable to the children, some of whom cannot even write. Defendant was under no duty to make payment to anybody other than the person qualified in law to act on behalf of the minors' estates. After suit was filed by next friend, recovery could be had, but the judgment would require that any recovery should be paid into the registry of the court, where defendant had tendered and deposited the money. The money must stay there until the children

reach the age of twenty-one, or a legal guardian is appointed to whom the clerk may make payment, or the provisions of Article 1994 are met. Wilson v. Fisher, supra; 43 C.J.S. Infants § 124."

The law is set out in 30 Tex.Jur.2d, pp. 733–734, § 83, as follows: "Though judgment has been rendered in his favor and collected, a minor is not entitled to receive the proceeds. If it should exceed $1500 the funds derived from its collection should be deposited with the clerk of the court to be paid over to the infant's general guardian, if he should have one, otherwise to be paid into court, there to remain until a guardian is appointed or the infant comes of age."

■ A guardian is a statutory officer appointed by the Probate Court to guard the interest of his ward and provide for his education and maintenance. Dallas Trust & Savings Bank v. Pitchford, 208 S.W. 724 (Tex.Civ.App., 1919).

■ In view of the statutes cited, we believe the Legislature intended for the Probate Court, not the District Court, to supervise the guardian and transact all business pertaining to minors.

It is noteworthy that Article 1994 begins minors, etc., who have "no legal guardian" may sue by next friend. It is silent as to any provision for handling funds or property of the minor after a guardian is appointed.

■ We hold that the specific statutes pertaining to duties of a guardian prevail, after qualification of a guardian, over Article 1994; that Article 1994 was intended to be and is applicable only in those instances where the minor has no duly qualified guardian.

The judgment is reversed and remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.