**Augustina RODRIGUEZ, Appellant,**

v.

**Chester R. GONZALEZ, as Guardian ad Litem for Gracie Ann Rodriguez, Daisy Rodriguez, and Hilda Graciela Rodriguez, Minors, Appellee.**

No. 13–91–621–CV.

Court of Appeals of Texas,
Corpus Christi.

May 14, 1992.

Guillermo Vega, Jr., Brownsville, for appellant.

Chester Gonzalez, Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

Appellant Augustina Rodriguez, grandmother and legal guardian of four minor children,[1] appeals the order of the district court granting appellee/movant's motion to transfer funds and create a trust for the minors.

The four minor children are the survivors of Hilda Graciela Rodriguez, their mother, who died from complications arising from a cesarean section delivery. Appellant, individually and on behalf of the minors and the decedent's estate, filed a medical malpractice suit against the decedent's physicians. The parties settled the dispute and entered into an agreed judgment. The children recovered for the loss of their mother, and the parties agreed to deposit the recovered funds into the district court's registry. The district clerk then deposited the money with FirstBank, Brownsville, Texas. Thereafter, appellant instituted guardian-

ship proceedings in the Cameron County Court at Law. The court appointed the appellant, Augustina Rodriguez, grandmother, as guardian of the minor children. As the minors' legal guardian, appellant filed an application for possession of the minors' assets. *See* TEX.PROB.CODE ANN. §§ 230–233 (Vernon 1980).

After appellant was duly qualified as the minors' legal guardian, Chester Gonzales, the minors' attorney ad litem in the malpractice suit, filed a motion in the District Court to transfer the minors' funds and to create a trust for them. The guardian filed a plea in abatement to that motion. At the hearing on the motion, appellant established that she had been duly qualified as the minors' legal guardian and that the County Court at Law had granted her application for possession of the minors' assets and estates. She further made demand upon the Court to tender the settlement funds to her. The district court overruled appellant's plea. Appellant raises four points of error, claiming primarily that the trial court erroneously failed to order delivery of the funds to her as guardian of the estates of the minors.

Specifically, by points one and two, appellant complains that the district court erred in failing to order the district clerk, or alternatively, the financial institution, to deliver the minors' funds to her, because the guardian is entitled to control, custody, and possession of all the minors' personal property. To this, we must agree.

Section 142.001 of the Texas Property Code provides that, in a suit *in which a minor has no legal guardian*, the court may, upon application and finding that the creation of a trust would be in the minor's best interest, enter a decree directing the delivery of funds to a trust or a bank having trust powers. TEX.PROP.CODE ANN. § 142.005 (Vernon 1984). This assures the proper handling of the minor's financial interest. The provision for the creation of such a trust applies only in

---

1. Juan Carlos Rodriguez, Gracie Ann Rodriguez, Daisy Rodriguez, and Hilda Graciela Rodriguez. Since appellant began guardianship proceed-ings, Juan Carlos has reached majority. As such, his person and estate are not subject to her custody and control.

those cases in which the minor has no legal guardian. TEX.PROP.CODE ANN. § 142.005 (Vernon 1984); *See Decker v. Wiggins,* 421 S.W.2d 189, 192 (Tex.Civi.App.—Fort Worth 1967, no writ). However, once the legal guardian has been appointed and qualified, she is entitled to custody and control of the minors' estate. *Decker,* 421 S.W.2d at 191, 192; *See Silber v. Southern Nat'l Life Ins. Co.,* 326 S.W.2d 715, 717 (Tex.Civ.App.—San Antonio 1959, writ ref'd); *Patillo v. Allison,* 51 S.W.2d 1041 (Tex.Civ.App.—Waco 1932, no writ); TEX. PROB.CODE ANN. §§ 230, 232 (Vernon 1980). We find that the appellant, as guardian, is entitled to the funds recovered on behalf of the minors. The trial court erred in directing the creation of a trust under the Property Code and in failing to order the delivery of the funds to the minors' guardian.

Appellee's contend that, in failing to make any objection to the trial court's denial of her plea in abatement, the appellant did not properly preserve any complaint for appeal. We disagree. The appellant did not need to formally except to the trial court's ruling on her plea in abatement. TEX.R.APP.P. 52(a). Appellant's plea in abatement itself was sufficient as an objection to the movant's request. At the hearing, appellant stated with specificity her legal grounds for objection. The order granting the creation of the trust simultaneously denied appellant's plea in abatement and thereby disposed of all parties and all issues. The order constituted a final disposition of the case. The appellant appeals to this court from that disposition. We sustain appellant's first and second points of error. We need not address her other points. TEX.R.APP.P. 90(a).

We note that the county court at law required the guardian to post a bond of only $500 in this case. At the district court hearing on the motion for transfer of funds and creation of a trust, the attorney ad litem explained to the district court that a trust was needed to protect the minors' interests and to ensure that the money was not squandered. The minors recovered $65,000 each. The appellant, as guardian, will be entrusted with the administration of all these funds. It is a guardian's duty to take care of and manage the minors' estate as a prudent person would manage his own property. He shall account for all rents, profits, and revenues that the estate would have produced by such prudent management. TEX.PROB.CODE ANN. § 230(b)(1) (Vernon 1980). The purpose of the bond is to ensure the guardian's diligent performance of this duty and to protect the minors from loss due to the guardian's waste or mismanagement, if any. *See Gabriel v. Snell,* 613 S.W.2d 810, 814 (Tex.App.— Houston [14th Dist.] 1981, no writ). The district court's concern for these matters in the proceeding below was altogether just and proper. This court's opinion is that a $500 bond is inadequate to meet the purposes intended. We trust that the Judge of the county court at law will review the duties the law imposes upon the guardian and modify the bond to make it commensurate with those duties. TEX.PROB.CODE ANN. §§ 193, 203(d) (Vernon 1980).

Accordingly, we REVERSE and REMAND the case for further proceedings consistent with this opinion.

GILBERTO HINOJOSA, J., not participating.